Magdalene DIAMANTIS,
Plaintiff, Appellant,

v.

MILTON BRADLEY COMPANY, et al.,
Defendants, Appellees.

No. 84–1867.

United States Court of Appeals,
First Circuit.

Argued May 6, 1985.

Decided Sept. 10, 1985.

Paul L. Feldman, Boston, Mass., with whom Ernest H. Hammer, New York City, was on brief for plaintiff, appellant.

Joseph P. Pessolano, Springfield, Mass., with whom George F. Kelly and Ryan & White, P.C., Springfield, Mass., were on brief for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

On March 2, 1984, appellant Magdalene Diamantis filed a suit in the U.S. District Court for the Southern District of New York against her employer Milton Bradley Company. The complaint asserted various causes of action for fraud, injury to business and personal reputation, and lost business and professional opportunities. The amended complaint also included charges of sex discrimination and wrongful discharge from her job which allegedly was in retaliation for the filing of the suit.

In the course of the discovery proceedings, the defendants served deposition subpoenas on a former business associate of Diamantis, Gay Fullerton, and her company TurnAbout Marketing, Inc. ("TurnAbout"). The subpoenas were issued by the U.S. District Court for the District of Massachusetts, ordering Fullerton and TurnAbout to appear for depositions in Springfield, Massachusetts.[1]

When Fullerton objected to producing some of the requested documents, the defendants filed in the Massachusetts district court a motion to compel discovery, with

---

1. The subpoenas were served on Fullerton and TurnAbout, Inc., in Somers, Connecticut pursuant to Federal Rule of Civil Procedure 45(b)(2) which states that a nonresident of the district issuing the subpoena "may be required to attend ... within forty miles from the place of service, or at such other convenient place as affixed by an order of the court." The third party deponents have not objected to appearing as ordered, but the deposition was eventually scheduled to be held in New York as most convenient for all parties.

supporting memorandum, and the matter was referred to a federal magistrate pursuant to 28 U.S.C. § 636(b)(1)(A). On August 28th, argument was heard on the motion. At the hearing, attorney Ernest Hammer, who had been representing Diamantis in the main action, appeared on behalf of Fullerton and TurnAbout, arguing against discovery.

On August 30th, the magistrate issued an order directing Fullerton and TurnAbout to produce certain of the documents. Fullerton filed no objections to the decision, nor did Milton Bradley Co., the appellee here, seek disclosure of the remaining documents. On September 15th, however, attorney Hammer filed a motion, this time on behalf of Diamantis, seeking vacation or modification of the magistrate's order. When the motion was denied, Diamantis filed notice for this appeal.

On appeal, Diamantis raises seven issues that she argues warrant reversal of the district court's order. Primarily, the appellant addresses her brief to whether this would be a permissible interlocutory appeal under 28 U.S.C. § 1292, since generally discovery orders are not reviewable until after final judgment has been entered. *See, e.g., United States v. Ryan*, 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *Sheehan v. Doyle*, 513 F.2d 895, 898 (1st Cir.1975); 28 U.S.C. § 1291. Additionally, she argues that, if this appeal is heard, reversal is warranted because the district court abused its discretion in refusing to quash the discovery order.

We find, however, that there is a preliminary issue that must first be addressed: whether Diamantis has standing to bring this appeal on behalf of the third party witnesses. As a first step in determining whether jurisdiction exists over this appeal, we must inquire into the nexus between Diamantis' status in this litigation and the claim she is presenting. Such is necessary to ensure that she is a proper and appropriate party to invoke federal judicial power in this context. *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). For purposes of this inquiry, we accept as valid the appellant's allegations. *See United States v. American Telephone and Telegraph*, 642 F.2d 1285, 1291 (D.C.Cir. 1980).

Turning to her appellate brief then, we examine each of Diamantis' objections to the discovery order. She claims first that the discovery requests were unreasonable and oppressive because they are directing nonparty witnesses (Fullerton and TurnAbout) to expend time and labor to supply the information requested. Compliance might also entail securing old records from banks "at a significant expense." Diamantis also objects to the request for documents relating "in any way to any dealing, transaction, agreement or understanding" between the third party witnesses and Diamantis, claiming it is "overbroad and harrassing by its very terms." Third, Diamantis suggests that the subpoena infringes on "the right of a nonparty to keep confidential his own financial affairs."

 Clearly the basis for these objections are concerns of Fullerton and TurnAbout, Inc.—not of Diamantis. It is the third party witnesses whose rights would allegedly be violated, whose privacy would be invaded, and who would have to bear the expense of producing the requested documents. It is well settled under the standing doctrine that a party ordinarily may not assert the legal rights of others. *See Barrows v. Jackson*, 346 U.S. 249, 255, 73 S.Ct. 1031, 1034, 97 L.Ed. 1586 (1953); *Ripon Society v. Nat'l Republican Party*, 525 F.2d 567, 573 (D.C.Cir.1975), *cert. denied*, 424 U.S. 933, 96 S.Ct. 1148, 47 L.Ed.2d 341 (1976). Here, this is precisely what Diamantis is attempting to do by bringing this appeal on behalf of Fullerton and TurnAbout, Inc.[2] She has not shown

**2.** A possible justification for Diamantis herself having brought the appeal may be found in the language of Fed.R.Civ.P. 72(a). The rule does require the district judge to "consider objections [to a magistrate's ruling on a nondispositive matter] made by the *parties....*" (Emphasis added). To read the rule narrowly, however, as permitting a party to object to rulings involving only third party witnesses ignores the rest of the language of the rule and, more importantly,

that her own rights are threatened by the compliance of the nonparties with the district court's order. *See Diggs v. Schultz,* 470 F.2d 461, 464 (D.C.Cir.1972). An individual must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights and interests of third parties. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); *Construction Industry Ass'n v. City of Petaluma,* 522 F.2d 897, 903 (9th Cir.1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 342 (1976). Accordingly, we hold that Diamantis does not have standing to pursue this appeal. There is no need to reach the other issues.

*Appeal dismissed.*

well-settled standing doctrine. Rule 72(a) "parties" are the parties before the magistrate, not the parties to the litigation from which the non-dispositive matter originated.