5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 BOSTON SAFE DEPOSIT AND TRUST COMPANY, a Massachusetts Trust
Company, Plaintiff-Appellee,
v.
MOTORYACHT DULCINEA, Defendant,
and
Operadora Dulcinea, Defendant-Appellant,
and
David M. Salentine, Appellant.
BOSTON SAFE DEPOSIT AND TRUST COMPANY, a Massachusetts Trust
Company, Plaintiff-Appellee,
v.
MOTORYACHT DULCINEA, Defendant,
and
Operadora Dulcinea; David M. Salentine, Defendants-Appellants.
 Nos. 92-15266, 92-15741.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided Sept. 10, 1993.
 
 Before: FERGUSON, CANBY, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * This case stems from a foreclosure action initiated by Boston Safe Deposit and Trust Co. ("Bank") which held a preferred ship mortgage on the Motor Yacht Dulcinea ("vessel"). After the Bank filed its action to foreclose, Operadora Dulcinea ("Operadora") filed a claim to personal property on board the vessel and demanded restitution of those items.
 
 
 3
 A hearing was held in district court on April 10, 1991, where several issues regarding the foreclosure were discussed including Operadora's claim. At that time, the parties agreed to try to resolve Operadora's claim amongst themselves before the vessel was sold; however, no agreement was reached. After the Bank obtained an order for the interlocutory sale of the vessel, Operadora filed a motion for restitution of its claimed personal property which was heard in district court on May 29, 1991. At the hearing the district court ordered the sale to proceed and ordered the parties to set monetary values on the items of personalty claimed by Operadora. The court instructed that after the sale of the vessel, the value of the claimed items should be set aside pending further order of the court.
 
 
 4
 An unsuccessful attempt was made to sell the vessel on June 10, 1991. The day of the attempted sale, Operadora filed a motion for permission to file a late maturing counterclaim against the Bank. The Bank filed an opposition to Operadora's motion and a motion for judgment on the pleadings, for failure to state a claim, for a more definite statement and for sanctions under Rule 11. On July 24, 1991 the district court filed an order referring these motions to Magistrate Judge Langford for his report and recommendation.
 
 
 5
 On the same day, the district court filed a written order memorializing its decisions from the May 29, 1991 hearing on Operadora's motion for restitution and setting a date for a second attempted sale of the vessel. The vessel was sold to a third party in August 1991.
 
 
 6
 On September 30, 1991 the district court issued a partial grant of summary judgment in favor of the Bank, providing for the partial distribution of proceeds from the sale. The district court's order provided in part:
 
 
 7
 The Bank also sought a judicial finding that ... Operadora Dulcinea, defaulted on its claim for the value of certain property that was aboard the vessel at the time of sale.
 
 
 8
 * * *
 
 
 9
 Operadora Dulcinea sought the retention of over $37,000 pending a resolution by Chief Magistrate Judge Langford of its claim for the value of personalty sold with the vessel. This Court orders $20,000 to be set aside from the sale proceeds pending Chief Magistrate Judge Langford's determination. This Court also finds that as a matter of law, Operadora Dulcinea may not recover the value of the water maker (over $10,000), because the water maker is an integral part of the vessel that was properly sold with the vessel.
 
 
 10
 While it was not mentioned in the original order of referral, this order indicates that Magistrate Judge Langford was to make a determination regarding the claim of value of the personalty sold with the vessel in addition to the matters originally referred to him.
 
 
 11
 After holding a "status conference," Magistrate Judge Langford issued an order denying Operadora's motion to file a counterclaim for conversion; granting the Bank's motion for a protective order, and granting the Bank's motion for sanctions against Operadora and its counsel David Salentine.[1] The order also provided:
 
 
 12
 IT IS FURTHER ORDERED, in light of the foregoing Orders, that Operadora Dulcinea's claim be dismissed with prejudice; and
 
 
 13
 IT IS FURTHER ORDERED that the amount of $20,000.00, plus interest, reserved from the proceeds of the Marshal's sale of the M/Y Dulcinea by the Honorable Fern M. Smith pending the outcome of Operadora Dulcinea's motion, is hereby to be released forthwith ... to Boston Safe and Trust Deposit Company.
 
 
 14
 In light of the foregoing, plaintiff's Motion for Judgment on the Pleadings is moot.
 
 
 15
 On December 20, 1991, the district court entered an order adopting the magistrate judge's orders. Operadora argues that the district court erred in affirming and adopting these orders. We reverse and remand.
 
 II
 
 16
 A magistrate judge's statutory authority is controlled by 28 U.S.C. 636(b)(1) which provides in part:
 
 
 17
 (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant ... and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.
 
 
 18
 (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) ...
 
 
 19
 A magistrate judge may be precluded from making final determinations on motions that are analogous to those listed in subsection (A) or have the same effect as one of the enumerated motions. These motions can all been characterized as "dispositive." Ocelot Oil Corp. v. Sparrow Indust., 847 F.2d 1458, 1461-62 (10th Cir.1988); see also Maisonville v. F2 America, Inc., 902 F.2d 746, 748 (9th Cir.1990), cert. denied, 498 U.S. 1025 (1991).
 
 
 20
 Under Federal Rule of Civil Procedure 72, if a party objects to a magistrate judge's findings regarding dispositive matters, the district court must "make a de novo determination upon the record." If a party objects to a nondispositive order, the district court must set it aside only if it is "found to be clearly erroneous or contrary to law."
 
 
 21
 We find that the magistrate judge's dismissal of Operadora's claim for the value of personal property and release of the $20,000 to the Bank were dispositive orders, necessitating de novo review.[2]
 
 
 22
 Similarly, we find that the magistrate judge's denial of Operadora's motion to file a counterclaim for conversion was dispositive, necessitating de novo review. The Bank argues that this was a nondispositive order because the magistrate judge did not decide the merits of Operadora's counterclaim but only denied the motion to file the counterclaim. However, since the effect of the denial of permission to file the counterclaim precluded Operadora from asserting its claim, we find that it was also a dispositive matter.[3]
 
 
 23
 Since these were dispositive matters, the magistrate judge should have made findings of fact as requested in the referral from the district court, rather than issue an order. However, if the district court had recognized the matters as dispositive and affirmed after a de novo review, the mere fact that the magistrate judge purported to issue an order rather than a report and recommendation would not alone have required reversal.
 
 
 24
 The district court's order affirming and adopting the magistrate judge's orders states: "No clear error of law or fact or other ground for reversal appearing, both orders of the Magistrate Judge are affirmed and adopted in full." The district court erred in reviewing these orders for clear error. Therefore, we vacate the district court's adoption of these orders and remand for a de novo review.
 
 III
 
 25
 The magistrate judge found Operadora's motion to file a counterclaim vexatious and frivolous, and ordered attorney's fees paid by Operadora's counsel pursuant to 28 U.S.C. Sec. 1927. We note that an award of sanctions is nondispositive and was properly reviewed for clear error. See, e.g., Grimes v. San Francisco, 951 F.2d 236, 239-40 (9th Cir.1991); Maisonville, 902 F.2d at 747-48; Novelty Textile Mills, Inc. v. Stearn, 136 F.R.D. 63, 74-75 (S.D.N.Y.1991). However, since we have remanded the magistrate judge's denial of Operadora's motion to file a counterclaim for a de novo review, we also reverse the district court's order adopting the attorney's fee award, pending the district court's determination regarding the propriety of the magistrate judge's dismissal of the motion to file a counterclaim.
 
 
 26
 Operadora also requests reversal of the magistrate judge's discovery ruling granting the Bank's motion for a protective order and prohibiting it from taking the deposition of a Bank employee. This ruling is also nondispositive and was properly reviewed for clear error. However, since it is tied to the magistrate judge's denial of Operadora's motion to file a counterclaim, we reverse and remand this order as well.
 
 IV
 
 27
 Operadora also argues that the district court erred in holding on summary judgment that Operadora could not recover the value of the water maker because that issue had already been referred to the magistrate judge. While Operadora listed this as an issue in its opening brief, it was not supported by argument and although Operadora addressed the issue in its reply brief, it did not support its argument with legal authority. Therefore, we refuse to address this issue on appeal. See e.g., Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988); United Food & Comm. Workers Union v. Food Employers Council Inc., 827 F.2d 519, 522 (9th Cir.1987).
 
 
 28
 Finally, we deny the Bank's request for sanctions against Operadora on appeal.
 
 
 29
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 On December 8, 1991, the magistrate judge entered an order allowing attorney's fees in the amount of $13,722.30
 
 
 [2]
 It is unclear from the record on what grounds the magistrate judge dismissed Operadora's claim for the value of personal property. However, it appears that the magistrate judge ordered the money disbursed based on its finding that Operadora's motion to file a counterclaim was frivolous without recognizing Operadora's preexisting claim or considering its merits. We offer no opinion regarding whether Operadora's preexisting claim has any merit; however, we note that the Bank argues Operadora's claim was correctly dismissed for a variety of reasons including lack of capacity, standing problems and lack of evidence of ownership of the personalty claimed
 
 
 [3]
 We make no determination regarding the merits of the motion to file a counterclaim