50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PROCARE LABORATORIES, INC. an Arizona corporation, Plaintiff-Appellant,
v.
GULL LABORATORIES, INC., a Utah corporation, Defendant-Appellee.
 No. 93-16623.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1995.*
Decided March 15, 1995.
 
 1
 IN PART AND REMANDED IN PART.
 
 
 2
 Before: TANG and O'SCANNLAIN, Circuit Judges, and MERHIGE, Senior District Judge.**
 
 
 3
 MEMORANDUM***
 
 
 4
 Procare Laboratories, Inc. ("Procare") filed suit against Gull Laboratories, Inc. ("Gull") in the United States District Court for the District of Arizona on December 4, 1994. The district court found that Procare's claim should have been raised as a compulsory counterclaim in a prior state court action by Gull against Procare and granted summary judgment in favor of Gull. Procare appeals this decision. Gull contends Procare's appeal is frivolous and requests attorney's fees and double its costs.
 
 I.
 
 5
 In 1990, Gull and Procare entered into a brokerage agreement under which Procare was to market certain pharmaceutical products for Gull. In 1991, Gull and Procare entered into a separate marketing agreement, under which Procare was to market its own line of pharmaceutical products that were to be manufactured by Gull. On February 20, 1992, Gull filed suit against Procare in a Utah state court to recover money allegedly lost to Procare under both the brokerage and the marketing agreement. Procare failed to properly and timely appear, and the court entered default in favor of Gull on January 7, 1993.[1]
 
 
 6
 On December 4, 1992, Procare filed suit against Gull in the United States District Court for the District of Arizona, alleging that Gull breached the 1991 marketing agreement by manufacturing defective products for Procare. Gull moved to dismiss the claim based on Procare's failure to raise the claim as a compulsory counterclaim in the Utah state court action. The court treated the motion as a motion for summary judgment and found in favor of Gull, holding that Procare's claim should have been brought as a compulsory counterclaim in the earlier action.
 
 
 7
 Procare appeals this determination by the lower court, claiming that its federal court claim should not have been considered a compulsory counterclaim because it did not arise from the same transaction or occurrence as Gull's state court claim and because its claim was not mature at the time of the earlier suit. Procare also argues that Gull made misrepresentations to Procare during the state court suit, and, thus, Procare's failure to file a compulsory counterclaim is excused by the doctrine of laches.
 
 II.
 
 8
 This Court reviews a grant of summary judgment de novo. Briggs v. Sullivan, 954 F.2d 534, 537 (9th Cir.1992). It must "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Id.
 
 
 9
 Federal Courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action. Cheiker v. Prudential Insurance Co., 820 F.2d 334 (9th Cir.1987); Springs v. First National Bank, 835 F.2d 1293 (9th Cir.1988). Where the earlier action is a state court action, that state's law determines whether the new claim should have been brought as a compulsory counterclaim. Pochiro v. Prudential Ins. Co. of America, 827 F.2d 1246, 1249 (9th Cir.1987). This Court reviews de novo district court rulings on questions of state law. Id.
 
 
 10
 The earlier action in this case was brought in Utah state court. The Utah rule governing compulsory counterclaims, Rule 13(a) of the Utah Rules of Civil Procedure, was modeled on Rule 13(a) of the Federal Rules of Civil Procedure. Both require a party to state as a counterclaim any claim it "has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a); Utah R.Civ.P. 13(a). Under Utah law, the failure to file a compulsory counterclaim results in a waiver of that claim. Kimball v. Campbell, 699 P.2d 714, 716 (Utah 1985).
 
 
 11
 Utah courts interpreting the Utah Rules of Civil Procedure look freely to federal law interpreting their federal counterparts. Kennecott Corp. v. Utah State Tax Comm'n, 814 P.2d 1099, 1102 (Utah 1991). In determining whether two claims arise out of the same "transaction or occurrence" for the purposes of Rule 13(a), federal courts apply the "liberal 'logical relationship' " test. Pochiro, 827 F.2d at 1249.
 
 
 12
 Procare argues that the state court and federal court actions do not arise out of the "same transaction or occurrence" because they arise out of two separate agreements between the parties. According to Procare, the Utah state court claim arises out of the 1990 brokerage agreement, and Procare's subsequent federal court claim arises out of the separate and distinct marketing agreement.
 
 
 13
 An examination of the pleadings in Gull's state court action and in Procare's federal court action and of the correspondence between the parties satisfies the Court that Gull's state court action arose out of both the brokerage and the marketing agreements. Because both claims arise, at least in part, out of the same marketing agreement, it is manifest that both claims arise out of the same "transaction or occurrence." Consequently, we conclude that Procare should have raised its claim as a compulsory counterclaim in the Utah state court action.[2]
 
 
 14
 This brings us to Procare's claim that its claim was not mature at the time of Gull's state court suit. A compulsory counterclaim must arise out of the transaction or occurrence that is the subject matter of the opposing party's claim and also be mature and owned by the pleader at the time he serves his pleading. Magna Pictures Corp. v. Paramount Pictures Corp., 265 F.Supp. 144, 152 (D.C.Cal.1967). "Where a defendant acquires a claim [or his claim becomes mature] after his answer has been filed it is not a compulsory counterclaim even if it arises out of the same transaction." Arch Mineral Corp. v. Lujan, 911 F.2d 408, 412 (10th Cir.1990).
 
 
 15
 There is ample evidence in the record that as early as six months before the time expired for Procare to answer the Utah complaint, Procare was not only aware of the grounds for its claim against Gull, it had consulted counsel and was contemplating suit based upon that claim. Accordingly, we conclude that Procare's claim against Gull was a fully mature compulsory counterclaim at the time Procare was required to answer Gull's state court suit.
 
 III.
 
 16
 We now turn to Procare's argument that the doctrine of laches excuses its failure to file its claim as a compulsory counterclaim in the Utah state court. "Laches is an equitable time limitation on a party's right to bring suit. The doctrine bars an action where a party's unexcused or unreasonable delay has prejudiced his adversary." Boone v. Mechanical Specialties, 609 F.2d 956, 958 (9th Cir.1979). This doctrine clearly does not apply to the facts of this case. Because Procare provides neither legal support for an extension of the doctrine of laches to such an inapposite situation, nor factual support for its allegations that Gull behaved improperly in the state court action, we reject Procare's laches argument.
 
 IV.
 
 17
 Gull requests that it be awarded reasonable attorney's fees and double its costs incurred on appeal on the basis that Procare's appeal is frivolous. Rule 38 of the Federal Rules of Appellate Procedure provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Additionally, "[w]here a judgment is affirmed by ... a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." 28 U.S.C. Sec. 1912. This Court has determined that "an appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit." Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991); Harrah's Club v. Van Blitter, 902 F.2d 774, 777 (9th Cir.1990). Moreover, an appeal is frivolous if the arguments raised by the appellant are merely "rehashings of the facts and present hardly any legal analysis." Adriana, 913 F.2d at 1417.
 
 
 18
 The complaint in the Utah state action and the complaint in the federal action, on their face, refer to the same agreement between the parties. Procare has attempted to manufacture a dispute over this by unsupported reference to another, separate marketing agreement. However, the correspondence between the parties clearly indicates that the marketing agreement in Gull's Utah complaint was the same marketing agreement in Procare's claim and that Procare is and has been well aware that the two lawsuits arise out of the same agreement.
 
 
 19
 Moreover, the correspondence also indicates that Procare was not only aware of its claim against Gull, but contemplated filing it almost six months before its time to answer the Utah complaint expired. Finally, Procare's laches argument is without support in law or in fact.
 
 
 20
 Based on the foregoing, we determine that Procare's appeal is frivolous, and Gull is entitled to recover attorney's fees and costs from Procare in an amount to be determined by the district court.
 
 V.
 
 21
 Because Procare's claim should have been brought as a compulsory counterclaim in Gull's state court action, the district court's granting of summary judgment is AFFIRMED. Having determined Gull is entitled to attorney's fees and costs, we REMAND the case to the district court on this issue to determine the appropriate amount.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Procare filed a motion to dismiss that was denied by the court. Subsequently, the court notified Procare that it had 20 days to answer the complaint. Procare attempted to answer through Egidio Cianciosi, who is not an attorney, and Gull moved for the court to strike the answer and enter default. The answer filed by Cianciosi did not make any counterclaims against Gull
 
 
 [2]
 Procare raises the argument that its claim should not be barred because the default entered in the Utah state court does not have the res judicata effect necessary to barr Procare's present action. This argument is misplaced. The preclusive effect of the failure to raise a compulsory counterclaim in an earlier state court action is determined by state law and will be decided by either the doctrine of waiver, estoppel, or res judicata. Pochiro, 827 F.2d at 1253. Under Utah law, a claim that should have been raised as a compulsory counterclaim is considered waived. Kimball, 699 P.2d at 716; Mark VII Financial Consultants Corp. v. Smedley, 792 P.2d 130, 132 (Utah Ct.App.1990). Thus, the effect of the disposition of the Utah state court action under the doctrine of res judicata is irrelevant