73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 BOSTON SAFE DEPOSIT AND TRUST COMPANY, Plaintiff-Appellee,
v.
OPERADORA DULCINEA; M/Y Dulcinea, Defendants-Appellants,
and
David M. Salentine, Appellant.
 Nos. 94-15610, 94-15701.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Dec. 20, 1995.
 
 Before: SNEED, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these consolidated appeals, Operadora Dulcinea ("Operadora") appeals the district court's dismissal of its claim to personalty sold with the Motoryacht Dulcinea, and grant of a protective order against its deposition of Boston Safe Deposit & Trust Co.'s ("Boston") loan officer; and David Salentine, Operadora's former counsel, appeals the district court's imposition of sanctions upon him under 28 U.S.C. Sec. 1927.
 
 
 3
 We affirm the dismissal of Operadora's claim and the grant of a protective order. We reverse the award of sanctions under Sec. 1927 for lack of notice, and remand to the district court to give Salentine an opportunity to show cause why the court should not impose the sanctions. By the accompanying order, we notify Salentine that this court is considering awarding costs against him, under Fed.R.App. P. 38, for pursuing frivolous arguments on appeal, and order him to show cause why such costs should not be awarded.
 
 I.
 OPERADORA'S DUE PROCESS CLAIM
 
 4
 Operadora contends that it did not receive sufficient due process on its claim to personalty aboard the Motoryacht Dulcinea ("Dulcinea") because (1) the magistrate dismissed its claim to personalty during the scheduling conference in which it also denied Operadora's motion for permission to file a late-maturing counterclaim for conversion; and (2) the district court improperly ruled with respect to the desalinator (watermaker) during a hearing on Boston's summary judgment motion. To the extent that Operadora states a due process claim, the district court's decision presents a mixed question of law and fact which we review de novo. See National Ass'n of Radiation Survivors v. Derwinski, 994 F.2d 583, 587 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993).
 
 
 5
 The record demonstrates that Operadora relinquished its claim to restitution of the actual property during the May 29 hearing when the district court ordered the Dulcinea sold. See Appellant's Excerpts of Record ("Ex.R.") 374; Clerk's Record ("C.R.") 99. The record also reveals that Operadora relinquished its claim to the value of the personalty per se in favor of the value of the personalty as security on its conversion counterclaim under Admiralty Rule E, Fed.R.Civ.P.Supp.R.E. See Ex.R. 202; 225; 355; 413; 416; C.R. 163 at 30. Operadora passed up opportunities to argue its claim to the proceeds of the sale in favor of pursuing its conversion counterclaim. See Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1559 (9th Cir.1991); 28 Am.Jur.2d Estoppel & Waiver Sec. 158. The district court did not fail to follow its own procedures; rather, Operadora abandoned the plan in favor of its conversion counterclaim.
 
 
 6
 Nor was the district court's ruling on the watermaker in error. Even had Operadora not abandoned this issue by failing to argue it on the first appeal, see Boston Safe Deposit & Trust Co. v. Motoryacht Dulcinea, 5 F.3d 535, 1893 WL 346542 * 3 (9th Cir. Sept. 10, 1993); Alioto v. Cowles Communications, Inc., 623 F.2d 616, 618 (9th Cir.1980), Operadora had plenty of opportunity to present arguments concerning the scope of the mortgage and its claim to the property. See Intel Corp., 952 F.2d at 1556-57 (despite broadly worded summary judgment motion involving issues not fully briefed by the parties, summary judgment was not "awarded precipitously"). The claim was properly before the district court, which was not required to give Operadora special notice or a hearing before proceeding to rule on that portion of the claim pertaining to the watermaker. The district court's dismissal is affirmed.
 
 II.
 THE GRANT OF A PROTECTIVE ORDER
 
 7
 Operadora contends that the district court improperly affirmed the magistrate's grant of a protective order against Operadora's deposition of the bank's loan officer. We review this ruling for an abuse of discretion. Travers v. Shalala, 20 F.3d 993, 999 (9th Cir.1994).
 
 
 8
 Operadora failed to give Boston reasonable notice of the deposition. See Fed.R.Civ. P. 30(b)(1); Hadley v. United States, 45 F.3d 1345, 1349 n. 4 (9th Cir.1995). Boston attempted to resolve this problem, but Operadora refused to cooperate. Appellee's Excerpts of Record ("Ex.R.A.") 394, 397, 400. "Obstructive refusal to make reasonable accommodation ... not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." Hauser v. Farrell, 14 F.3d 1338, 1344 (9th Cir.1994) (affirming magistrate's grant of protective order). The district court did not abuse its discretion in affirming the magistrate's grant of the protective order.
 
 III.
 THE IMPOSITION OF SANCTIONS
 
 9
 Appellant David Salentine challenges the award of attorney's fees under 28 U.S.C. Sec. 1927 on several grounds. We review such an award for an abuse of discretion. Air Separation v. Lloyd's of London, 45 F.3d 288, 291 (9th Cir.1995). We find merit in Salentine's argument that he received insufficient due process before being sanctioned.
 
 
 10
 An attorney must be given notice and an opportunity to be heard before sanctions are imposed. Roadway Express Inc. v. Piper, 447 U.S. 752, 767 (1980). A motion for sanctions by opposing counsel satisfies the notice requirement. See Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse Sec. 25(B)(1) (2d ed. 1994). In this case, Boston moved twice for Rule 11 sanctions. Ex.R. 157; 328. The magistrate, however, awarded sanctions under Sec. 1927. While an award of sanctions under Rule 11 requires a finding of objective impropriety, Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990), an award of attorney's fees under Sec. 1927 requires a finding of subjective bad faith, MGIC Indem. Corp. v. McKenna, Conner & Cuneo, 952 F.2d 1120, 1122 (9th Cir.1991); New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir.1989). Therefore, a motion for Rule 11 sanctions does not provide sufficient notice to support a Sec. 1927 sanction. Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1357-58 (3d Cir.1990). Salentine was not given an opportunity to contest the award of bad faith sanctions until after the magistrate ordered them at the scheduling conference. Therefore, Salentine did not receive sufficient notice.
 
 
 11
 We reverse the district court's affirmance of the magistrate's award of attorney's fees under 28 U.S.C. Sec. 1927 and remand. The district court should order Salentine to show cause why Sec. 1927 costs should not be awarded.
 
 IV.
 THE DOUBLE COSTS AND FEES REQUEST
 
 12
 Boston requests double costs and fees against Salentine under Fed.R.App. P. 38 for bringing a frivolous appeal. An appeal is generally considered frivolous " 'if the result is obvious or the appellant's arguments are wholly without merit.' " Procare Laboratories, Inc. v. Gull Laboratories, Inc., No. 93-16623, 1995 WL 110137 * 3 (9th Cir. Mar. 15, 1995) (quoting Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991)).
 
 
 13
 Because we have found merit in one of Salentine's contentions, his appeal is clearly not frivolous as a whole. However, Salentine makes several entirely frivolous arguments in his appeal. See Mars Steel Corp. v. Continental Bank S.A., 880 F.2d 928, 939-40 (7th Cir.1989) (R. 38 sanctions imposed for frivolous portion of the brief); Hill v. Norfolk & Western Ry. Co., 914 F.2d 1192, 1200 (7th Cir.1987) (imposing R. 38 sanctions where appeal as a whole not frivolous, but most of brief devoted to frivolous arguments); Granado v. C.I.R., 792 F.2d 91 (7th Cir.1986) (same). But see Miller Brewing Co. v. Brewery Workers Local Union No. 9, 739 F.2d 1159, 1168 (7th Cir.1964) (declining to impose R. 38 sanctions on appellant where district court ruling was reversed in part).
 
 
 14
 First, Salentine continues to argue that the counterclaim for conversion which he had moved for permission to file was legitimate, when the result is obvious and the claim is clearly without merit. See Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1052 (9th Cir.1985) (R. 38 sanctions imposed for rearguing frivolous positions for which sanctions had been imposed below). Second, he seeks to argue at this late date an issue he failed to argue adequately much earlier--that the preferred ship mortgage held by Boston did not extend to the personal property Operadora Dulcinea allegedly placed on board the yacht. The issue is outside the scope of this appeal. Moreover, Salentine himself was not a party to the action and is no longer Operadora's attorney, so he does not have standing to raise the issue. See United States v. Little Joe Trawlers, Inc., 780 F.2d 158, 161 (1st Cir.1986). Finally, Salentine argues that the referral to the magistrate could not have included the authority to impose sanctions under 28 U.S.C. Sec. 1927. The law is clear that sanctions are nondispositive orders which magistrates have the authority to impose. 28 U.S.C. Sec. 636(b)(1); Grimes v. San Francisco, 951 F.2d 236, 239-40 (9th Cir.1991); Maisonville v. F2 America, Inc., 902 F.2d 746, 747-48 (9th Cir.1990), cert. denied, 498 U.S. 1025 (1991). This court, on the parties' previous appeal, so held. To raise this issue again is a frivolous waste of this court's time.
 
 
 15
 However, we note that under the 1994 amendments to Fed.R.App. P. 38 (effective December 1, 1994), there must be notice of such sanctions separate from the brief of the party requesting them. Therefore, we hereby notify Salentine that this court is considering imposing upon him costs and fees for the foregoing reasons, and by the accompanying order require him to show cause why we should not do so.
 
 
 16
 AFFIRMED in part, REVERSED in part, REMANDED for an order requiring appellant to show cause why attorney's fees should not be imposed under 28 U.S.C. Sec. 1927.
 
 ORDER
 
 17
 Appellant David Salentine is hereby ordered to show cause why this Court should not award costs and fees against him, pursuant to its authority under Fed.R.App. P. 38, for pursuing frivolous arguments on appeal. Appellant shall respond to this order within 21 days.
 
 
 18
 It is so ordered.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3