**BEREL COMPANY, Plaintiff,**

v.

**SENCIT F/G McKINLEY ASSOCIATES, Defendant, Third Party Plaintiff,**

v.

**SULLIVAN ARFAA, P.C., Third Party Defendant, Fourth Party Plaintiff,**

v.

**Donald NARDY, John Gamble and the New Jersey Housing and Mortgage Finance Agency, Fourth Party Defendants.**

Civ. A. No. 86–3285.

United States District Court, D. New Jersey.

Feb. 24, 1989.

Mesirov, Gelman, Jaffe, Cramer & Jamieson by Anthony Creato, Jeffrey A. Mintz, Cherry Hill, N.J., for plaintiff, Berel Co.

Konray & Kerekes by Roy J. Konray, Clark, N.J., for defendant, third party plaintiff, Sencit F/G McKinley Associates.

James S. Kilpatrick, Jr., Ocean City, N.J., for third party defendant, fourth party plaintiff, Sullivan Arfaa, P.C.

W. Cary Edwards, Atty. Gen. of N.J. by Joseph B. Reilly, Deputy Atty. Gen., Trenton, N.J., for fourth party defendant, New Jersey Housing & Mortgage Finance Agency.

Finnegan & Barth by John J. Finnegan, III, Cherry Hill, N.J., and Byron R. Lavan, Lafayette Hill, Pa., for fourth party defendant, Donald Nardy.

Brennan and Bernardin, P.C. by Michael J. Brennan, Collingswood, N.J., for fourth party defendant, John Gamble.

COHEN, Senior District Judge:

On January 25, 1989, Judge Jerome B. Simandle, United States Magistrate, granted plaintiff, Berel Company, ("Berel") leave to amend its complaint to include a counterclaim against third party defendant, Sullivan Arfaa, P.C. ("Sullivan") on grounds of negligence, misrepresentation and breach of contract. Subsequently, on February 1, 1989, Sullivan answered Berel's counterclaim, and moved to appeal Judge Simandle's Opinion and Order before us filed on February 6, 1989. The lengthy factual and procedural background has been set forth in detail in Judge Simandle's Opinion and Order below; we therefore present the *de minimis* background necessary to dispose of this appeal.

I. *Factual and Procedural Background*

Berel is a construction company which entered into a contract on May 1, 1984 with defendant, Sencit to build the McKinley Apartments in Atlantic City. Sencit received financial assistance from the New Jersey Housing and Mortgage Finance Agency ("Agency"). Sencit also contracted with the architectural firm of Sullivan Arfaa, P.C. ("Sullivan"), to provide architectural design services. Subsequently Sullivan engaged Donald Nardy and John Gamble, among others, to serve as engineering consultants.

Briefly, Berel brought suit against Sencit on breach of contract and negligence grounds. Berel is a Pennsylvania resident and Sencit resides in New Jersey. Hence, jurisdiction was predicated on diversity and more than $10,000 in question pursuant to 28 U.S.C. § 1332. Defendant Sencit then sued third party defendant Sullivan alleging breach of contract, negligence and indemnification. Sullivan is a Pennsylvania resident and therefore jurisdiction was again properly based on diversity between those parties and greater than $10,000 at issue, although it is not necessary to have full diversity among the parties for this third party suit. *See generally* 3 J.W. Moore, *Moore's Federal Practice*, 4 14.26 (1982). Sullivan then brought an action against fourth party defendants Nardy, Gamble and the Agency on theories of negligence and indemnification. Thereafter, Berel filed a direct claim against the Agency which is the subject of an outstanding motion to dismiss by the Agency.

In its Answer to Sencit's third party complaint, Sullivan asserted a counterclaim against Sencit, and also entered a direct complaint against Berel.[1] Berel moved to amend its complaint to add a compulsory counterclaim against Sullivan in response to Sullivan's direct claim against Berel, made in Sullivan's first Answer to Sencit's complaint. Judge Simandle found Berel's

---

1. The propriety of this direct claim was not at issue below and is clearly not an issue. *See Transcontinental Underwriters Agency, S.R.L. v. American Agency Underwriters,* 680 F.2d 298, 299 fn. 1 (3d Cir.1982); *Revere Copper & Brass, Inc. v. Aetna Casualty and Surety Co.,* 426 F.2d 709 (5th Cir.1970).

counterclaim to be compulsory and allowed Berel to amend the Complaint in his January 25th Opinion and Order. The matter was appealed to us and we requested an expedited briefing schedule, so as to not interfere with the impending March 6, 1989 trial date. For reasons that follow, we affirm Judge Simandle's Opinion and Order dated January 25, 1989.

## II. *Review of A Magistrate's Opinion and Order*

Appellate review over the Magistrate's Opinion and Order is vested in this Court pursuant to 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72(a) and Rule 40(A) of the Local Rules of the United States District Court for the District of New Jersey. We review Judge Simandle's decision under the "clearly erroneous or contrary to law" standard, delineated in 28 U.S.C. § 636 as this a non-dispositive decision, not a report and recommendation. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied,* 479 U.S. 1043, 107 S.Ct. 907, 93 L.Ed.2d 857 (1987); *Schroeder v. Boeing Commercial Airplane Co.*, 123 F.R.D. 166 (D.N.J.1988).

Judge Simandle made a two-step inquiry concerning Berel's motion to amend. First, the Magistrate examined whether diversity was required for the maintenance of jurisdiction in this Court and determined that diversity was not required, relying on *Finkle v. Gulf & Western Mfg. Co.*, 744 F.2d 1015, 1018–19 (3d Cir.1984). The second step of the inquiry pertained directly to the Magistrate's reliance on *Finkle*. In *Finkle*, the Third Circuit explained that diversity was not necessary where a third party defendant asserted a claim against the plaintiff in accordance with Fed.R.Civ.P. 14(a) and plaintiff sought to bring a *compulsory* counterclaim as provided for in Fed.R.Civ.P. 13(a). Thus, the Magistrate proceeded to a second tier analysis of whether Berel's counterclaim was compulsory. Judge Simandle concluded that Berel's counterclaim in fact met the require-ments of Fed.R.Civ.P. 13(a), and therefore granted plaintiff's motion. We agree.

### A. *The Diversity Requirement*

■ The Third Circuit concluded in *Finkle v. Gulf & Western Mfg. Co., supra,* that ancillary jurisdiction supports a court's finding of jurisdiction over a claim by a plaintiff against a non-diverse third party defendant. Judge Hunter, writing for the court, relied on the principle that "[g]enerally, no independent basis of federal jurisdiction is required for compulsory counterclaims," 744 F.2d at 1018, citing *Moore v. New York Cotton Exchange,* 270 U.S. 593, 609–10, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926) and 3 *Moore's Federal Practice* 4 13.15[1], at 13–280–81. The Third Circuit also referenced a recent Seventh Circuit opinion which presented the inescapable logic of the principle concisely, stating that a third party defendant:

> may not invoke the jurisdiction of the federal courts in order to bring a state-law claim against a nondiverse party and then use the lack of diversity to force that party to bring its identical claim ... in a state court.

*Evra Corp. v. Swiss Bank Corp.*, 673 F.2d 951, 960 (7th Cir.), *cert. denied,* 459 U.S. 1017, 103 S.Ct. 377, 74 L.Ed.2d 511 (1982).

Despite Sullivan's suggestion to the contrary, we believe that Magistrate Simandle properly applied these precedents and rightly distinguished *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the primary case upon which Sullivan relied for the need of diversity. Judge Simandle's decision on this determination of jurisdiction, inasmuch as he followed the law of the Circuit faithfully, is patently not clearly erroneous or contrary to law.

### B. *The Nature of Berel's Counterclaim*

■ In order to obviate the necessity of diversity upon which to predicate jurisdiction, plaintiff's counterclaim need be compulsory under the *Finkle* approach. Fed.R.Civ.P. 13[2] governs the determination of

---

**2.** Fed.R.Civ.P. 13(a) states in full:
   (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the

the nature of a counterclaim; whether it is compulsory or merely permissive. Judge Simandle concluded that Berel's counterclaim was compulsory because it "arises out of the same transaction or occurrence as Sullivan's claim," slip op. at 8 (January 25, 1989), meeting the Third Circuit's test of whether there is a logical relation between the claim and the counterclaims. *See Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir.1978). Judge Simandle's decision that "[t]here is a close logical nexus between Sullivan's claim and Berel's proposed counterclaim," slip op. at 8, is not clearly erroneous or contrary to law. Sullivan's claim against Berel is for negligent failure to construct in accordance with the architect's plans and specifications causing delay by Berel leading to Sullivan being injured in the amount of $100,000. Berel's counterclaim against Sullivan, filed January 26, 1989, claims breach of contract by Sullivan to provide architectural services to Sencit under a third party beneficiary theory, and negligent inspection and/or design. Clearly these two claims could not be any more closely related and obviously stem from the same transaction, namely the construction of the McKinley apartments. Lest we overzealously place too much emphasis on this point, we conclude that Judge Simandle was not clearly erroneous and affirm.

### C. *Other Considerations*

Judge Simandle also considered whether plaintiff's counterclaim was timely initiated, deliberately or excusably omitted from Berel's initial Answer and other motions, was lacking of merit, unfairly prejudicial, and not within the interests of justice. Judge Simandle also found that none of these other considerations worked to bar plaintiff's motion. We agree and believe Judge Simandle's conclusion is not clearly erroneous for the reasons he asserts, and

therefore affirm. An appropriate Order will follow this Opinion.

### ORDER

This matter having come before the Court on a review from a decision by the Honorable Jerome B. Simandle, United States Magistrate, granting a motion by plaintiff, Berel Company, to amend its complaint to add a counterclaim against third party defendant, Sullivan Arfaa, P.C.; and

For the reasons set forth in the Court's opinion filed this day; and

For good cause shown;

It is on this 24th day of February, 1989 ORDERED that Judge Simandle's Opinion of January 25, 1989 be and the same is hereby AFFIRMED.

---

subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the

opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on this claim, and the pleader is not stating any counterclaim under this Rule 13.