James Anthony TOTH, Plaintiff,

v.

ALICE PEARL, INC., City of Ocean City, Frank Daly, W. Sapp, Santa Barbara Condominium Association, Gary G. Brush, Bruce Hoadley, Hospitality Management Services, Inc., American Resorts Realty Corp., Santa Barbara Hotel, Peggy Doe, John Doe, ABC Corp., DEF Corp., Richard Roe and Debbie Roe, Defendants.

CIV. No. 91–2700.

United States District Court, D. New Jersey.

Oct. 11, 1994.

Jeffrey S. Nowak, The Greens of Laurel Oak, Voohees, NJ, for respondent Joel Wayne Garber.

Stanley M. Greenspan, Cooper Perskie April Niedelman Wagenheim & Levenson, P.A., Atlantic City, NJ, for Santa Barbara Condominium Ass'n.

## OPINION

BROTMAN, District Judge:

Presently before the court is a motion by former plaintiff's counsel, Joel Wayne Garber, to appeal, pursuant to Federal Rule of Civil Procedure 72(a), a letter opinion issued by Magistrate Judge Kugler on December 3, 1993. In this December 3rd letter opinion, Magistrate Judge Kugler denied Garber's motion to reconsider a prior letter opinion dated September 16, 1993. The Magistrate Judge Kugler's September 16th letter opinion had imposed Rule 11 sanctions of an amount to be determined against respondent. For the reasons set forth below, respondent's motion is denied.

### I. Factual and Procedural Background [1]:

In June 1989, the plaintiff, James Anthony Toth, who was then seventeen years old, was injured when he fell from a balcony at the Santa Barbara Condominiums ("Santa Barbara") while intoxicated. To celebrate their graduation from high school, he and a few friends were guests at the Santa Barbara Condominiums. Plaintiff's father, James Joseph Toth, obtained the room for his son since hotel management, Hospitality Management, had initially refused to honor his son's reservation.[2] When he checked in, the elder Toth told the manager, Margaret Cori, that he might go gambling or fishing but he represented that he would supervise his son's activities. The plaintiff's father, however, left soon after registering and drove back to Pennsylvania. He did not intend to return. Twice during the plaintiff's week-long stay, the manager of the hotel asked the plaintiff where his father was. Each time the plaintiff lied regarding his father's whereabouts. The unfortunate accident occurred on June 23, 1989 after the police were called to investigate a noisy party taking place in plaintiff's room.

Plaintiff brought the action against defendant Santa Barbara in this court alleging various theories of liability in tort. Defendant Santa Barbara denied that it breached a duty of care owed to the plaintiff.

From the outset, the court has been concerned with the theory of liability supporting this lawsuit. Soon after the initial Complaint was filed on June 20, 1991, counsel for the parties attended a scheduling conference be-

---

1. The factual background of the underlying action has been set forth more fully in this court's previous opinion on summary judgment.

2. Hospitality Management's hotel policy prohibited renting the room to minors.

fore then Magistrate, now District Court, Judge Simandle on October 16, 1991. At this very first conference[3], Judge Simandle cautioned Garber's representative at the conference, AnneMarie Algeo, that the plaintiff must garner sufficient facts to substantiate a theory of liability against the defendants, including Santa Barbara, and that sanctions under Rule 11 would apply to frivolous filings. An Amended Complaint was filed on behalf of plaintiff by respondent in February, 1992.[4] Both pleadings were signed by respondent.

At a subsequent scheduling conference before Judge Simandle on April 28, 1992, Judge Simandle again expressed his concern to Ms. Algeo, who had by this time been substituted as counsel of record for the plaintiff, that the initial and amended complaints were not well-grounded in a legal theory of liability. At this conference, the issue of Rule 11 sanctions was raised again.[5] Judge Simandle also expressed dissatisfaction with the slow pace of discovery in the case.[6]

On November 18, 1992, at a scheduling conference before Magistrate Judge Kugler, the court directed plaintiff's new counsel, Mark S. Guralnick[7], to discuss with defendants' counsel, including Santa Barbara, whether or not their respective clients should be released. At this conference as well, mention was made of possible Rule 11 sanctions if plaintiff did not have a valid theory on which to proceed.[8]

On February 23, 1993, plaintiff stipulated to dismissing his claim against Santa Barbara with prejudice.

Santa Barbara filed its motion for Rule 11 sanctions on July 15, 1993 against respondent and Mr. Guralnick alleging that the plaintiff never had a viable theory of liability against Santa Barbara.[9] In particular, Santa Barbara alleged that: 1) respondent improperly pursued a claim against Santa Barbara for negligent supervision when he ignored Hospitality Management's Answer which stated that the hotel manager, Margaret Cori, was a Hospitality employee not a Santa Barbara employee[10]; and 2) the tentative theory of potential liability proffered by respondent's representative when pressed at the first scheduling hearing on October 16, 1991—that perhaps the balcony from which the plaintiff fell constituted a dangerous condition—was merely a substitute for a authentic legal claim.

On September 8, 1993, Magistrate Judge Kugler held a hearing on Santa Barbara's motion for Rule 11 sanctions. On September 16, 1993, the court granted Santa Barbara's motion against respondent with respect to Santa Barbara's second claim for an amount to be determined at a later time. He levied sanctions against respondent for respondent's role in filing the initial and amended Complaints against Santa Barbara, and certifying that the claims were based in fact and in law. The court declined to sanction respondent regarding the claim against Marga-

---

3. See Stanley M. Greenspan's Certification of Counsel, appended to defendant Santa Barbara's Motion for Rule 11 sanctions.

4. On March 20, 1992, AnneMarie Algeo substituted for Mr. Garber as Attorney of Record. She was employed by Garber and Guralnick, a partnership, and at Mr. Garber's request attended the October 16, 1991 scheduling conference before Judge Simandle. See AnneMarie Algeo's Certification in Opposition to the Cross-Motion Filed by Mark S. Guralnick, Counsel for Plaintiff, for Contribution of Rule 11 Sanctions.

5. Stanley Greenspan's Certification of Counsel, in support of Santa Barbara's motion for Rule 11 sanctions.

6. See AnneMarie Algeo, Certification of Counsel in Opposition to the Cross-Motion Filed by Mark

S. Guralnick, Counsel for the Plaintiff, for Contribution of Rule 11 Sanctions.

7. Mr. Guralnick and Mr. Garber were partners at the commencement of this action.

8. See Joseph D. Deal's Certification of Counsel, attached to Santa Barbara's Motion for Rule 11 Sanctions.

9. At the time this motion was made, the 1993 amendments to Rule 11 were not yet in force.

10. The court notes that Santa Barbara's brief does not clearly connect the issue of Margaret Cori's employment status to plaintiff's negligence claim. Perhaps this is why Judge Kugler's opinion of September 16, 1993 did not grant Rule 11 sanctions for Santa Barbara on this point.

ret Cori, the Hospitality Management employee.

Respondent Garber then filed a motion for reconsideration concerning the September 16th letter opinion. Magistrate Judge Kugler denied Garber's motion for reconsideration in a letter opinion dated December 3, 1993. The court determined that Garber's motion for reconsideration was untimely and failed to raise issues that the court had not addressed in its September 16th letter opinion.

Garber filed the instant motion on December 13, 1993 pursuant to Federal Rule of Civil Procedure 72(a), objecting to Magistrate Judge Kugler's letter opinion of December 3, 1993. He argues that: 1) the motion was timely; 2) the court did not consider the merits of respondent's motion for reconsideration; 3) the motion was not a motion for reconsideration but a motion pursuant to Federal Rule of Civil Procedure 60(b); and 4) and that the court did not fully consider respondent's arguments for extending tort liability to the defendant Santa Barbara.

## II. DISCUSSION:

Before the Court addresses the merits of respondent Garber's motion, the Court will set forth the limited standard of review that it must apply as it considers Judge Kugler's December 3rd letter opinion denying Garber's motion for reconsideration.

■ A magistrate judge's letter opinion may be reviewed by a district court judge pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.[11] The applicable standard of review is whether a magistrate judge's letter opinion is "found to be clearly erroneous or contrary to law." Rule 72(a). If a district court judge reviewing the magistrate judge's letter opinion determines that a letter opinion or a portion of a letter opinion is either clearly erroneous or contrary to law, then the district court judge may set aside or modify the letter opinion in part or in its entirety. Under the clearly erroneous standard of review, the magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently. *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). When determining that an letter opinion is clearly erroneous, a district court should have a "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see Dome Petroleum, Ltd. v. Employers Mut. Liab. Ins. Co.,* 131 F.R.D. 63, 65 (D.N.J.1990); *see also Berel Company v. Sencit F/G McKinley Associates,* 125 F.R.D. 100 (D.N.J.1989).

Rule 72(a) applies to letter opinions of magistrate judges concerning nondispositive matters. Here, respondent challenges the court's denial of a motion for reconsideration. Since a motion for reconsideration is clearly nondispositive, this Court will also look to the underlying letter opinion granting Rule 11 sanctions to determine whether the magistrate judge's letter opinion was dispositive or nondispositive.

■ Magistrate Judge Kugler's September 16th letter opinion imposing Rule 11 sanctions was not dispositive of any party's claim or defense. *Maisonville v. F2 America, Inc.,* 902 F.2d 746 (9th Cir.1990); *see, generally, Texas Exploration & Production, Inc. v. Transcontinental Gas Pipeline Corp.,* 844 F.Supp. 1156 (S.D.Texas 1994) (collecting cases and defining dispositive versus nondispositive motions); *see also Blancato v. Saint Mary Hospital,* 1993 WL 114421 (E.D.Pa. 1993) (Rule 11 sanctions granted). In this case, the plaintiff had already dismissed his

---

11. Rule 72(a) provides:

(a) Nondispositive Matters. A Magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.

claim against the defendant Santa Barbara before Santa Barbara moved for Rule 11 sanctions. Therefore, since the underlying legal claims had been resolved, Magistrate Judge Kugler's imposition of sanctions involved a nondispositive motion.

Thus, having set forth the appropriate standard of review for evaluating a magistrate judge's letter opinion, the Court turns to the substantive issues raised by respondent's motion.

*Respondent's Arguments*

Respondent Garber raises four objections to Magistrate Judge Kugler's December 3rd ruling. The Court will address each in turn.

### A. Timeliness

Respondent Garber asserts that his motion for reconsideration was timely filed. The court's December 3rd letter opinion denied respondent's motion for reconsideration in part because it was untimely but the court also addressed the merits of respondent's motion.

Since Magistrate Judge Kugler granted Santa Barbara's motion for Rule 11 sanctions on September 16, 1993, respondent's motion for reconsideration was due within ten (10) days of the court's letter opinion. District Court of New Jersey, Local Rule 12I. Respondent initially requested and received an extension until October 11th. Since respondent's wife was experiencing intermittent labor pains and visited the hospital during this time, respondent naturally needed additional time to complete the motion. A further extension was granted until October 22th. At this point, respondent indicates that he asked his adversary and the court for a final extension until October 25th. Respondent filed the motion on October 25th.

It is unclear from the record whether or not respondent received a final extension. Respondent Garber has provided the Court with a telephone slip that indicates that his adversary agreed to the extension. There is a notation on the slip indicating that he was awaiting the court's approval. However, the court's files do not indicate that a final extension was granted. There was no notation in the file. Nor did respondent provide a con-

firmatory letter to Magistrate Judge Kugler as the court typically requires of all litigants seeking extensions.

Since Magistrate Judge Kugler's December 3rd letter opinion considered and disposed of the motion for reconsideration on the merits even as it noted that the motion was untimely, it is unnecessary for the Court to inquire further into the timeliness of the motion.

### B. Whether Magistrate Judge Kugler Failed To Consider The Underlying Basis Of Respondent's Motion For Reconsideration

Respondent argues first that he was ambushed by defendant Santa Barbara at the September 8th oral argument on Rule 11 sanctions. He indicates that he did not anticipate the subject matter of the argument and that his counsel was unprepared to respond to questions by the Court. Second, respondent suggests that:

> the Court [Magistrate Judge Kugler] in its December 3, 1993 Opinion Letter fails to address the very basis of Respondent's argument for reconsideration, i.e., that Santa Barbara failed to raise certain issues in its original motion papers and reply brief, thus prohibiting Respondent a full and fair opportunity to address to those issues raised by the Court for the very first time during oral argument.

Respondent's Memorandum of Law in Support of His Motion Posing Objections to the Magistrate's Dec. 3, 1993 Ruling at 7–8.

Contrary to respondent's assertions, the record shows that respondent had adequate notice concerning the purpose and subject matter of the September 8th argument. From the papers submitted by Santa Barbara in favor of the Rule 11 motion respondent should have known that the central issue at the oral argument would be the plaintiff's theory of liability. Defendant Santa Barbara's Brief In Support of Motion for Sanctions Under Rule 11 states

> Throughout the duration of this case there have been numerous requests made of plaintiffs to identify a theory, which theories never amounted to any legitimate

cause of action and plaintiff factually or legally never had a viable cause of action against the Santa Barbara Condominium Association.

\* \* \* \* \* \*

.. It is abundantly clear that the initial pleadings filed by Mr. Garber and the subsequent handling of this case and additional pleadings filed by Mr. Guralnick were done in bad faith, or at the very least, the litigation ... was frivolous.

Deft's Brief at 9 and 12. Additionally, from the very outset of the litigation, the specter of Rule 11 sanctions had been raised repeatedly at status conferences with Judge Simandle and Judge Kugler precisely because counsel for the plaintiff could not sufficiently articulate a theory of liability. When the respondent was before Judge Kugler on September 8th, Judge Kugler simply asked one more time:

> The Court: What were the legal grounds in the Complaint ... [There were two counts alleging tort liability] ... That's all there was in the Complaint; wasn't there?
>
> Mr. Nowak [counsel for respondent]: Your Honor is technically correct with respect to the parameters of the Complaint. But as the case moved on the theories developed.

Transcript at 14. Even at the Rule 11 hearing, respondent could not articulate a coherent theory of the case.

■ Magistrate Judge Kugler's December 3rd letter opinion did not ignore the arguments raised by respondent's motion for reconsideration. Rather, the court recited respondent's arguments and addressed them:

> this Court further denies reconsideration on the grounds that Mr. Nowack [counsel for respondent] failed to raise dispositive matters that this Court "overlooked," as the term is used in conjunction with reconsideration matters under [Local Rule 12I].

Magistrate Judge Kugler's letter opinion indicates that although respondent tried to defend its "increased duty of care" liability theory by citing to authorities in the motion for reconsideration, respondent's efforts were unpersuasive. Under Local Rule 12I, a motion for reconsideration is an opportunity for a litigant to demonstrate to a court that some

matter has been overlooked. A party seeking reconsideration must show more than a disagreement with a court's prior decision. *G–69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J.1990). Thus, Magistrate Judge Kugler's conclusion that respondent had not presented adequate submissions or coherent argument on the issue of liability is neither clearly erroneous nor contrary to law.

*C.  Should Magistrate Judge Kugler Have Characterized The Motion For Reconsideration As A Motion Under F.R.C.P. 60(b)?*

■ In the December 3rd letter opinion, Magistrate Judge Kugler characterized respondent's motion as a motion for reconsideration pursuant to Local Rule 12I and declined to identify the motion as a Rule 60(b) motion. A litigant may make a motion under F.R.C.P. 60(b) to obtain relief from a judgment or order due to mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud. F.R.C.P. 60(b). Respondent asserts that Magistrate Judge Kugler should have interpreted respondent's motion for reconsideration as a Rule 60(b) motion. It appears to this Court that respondent did not clearly indicate *what* kind of motion respondent was filing and that Magistrate Judge Kugler's characterization was not clearly erroneous nor contrary to law.

Respondent's brief in support of the motion for reconsideration begins "[p]ursuant to F.R.C.P. 60(b)". Then in his reply brief, respondent directs the court to characterize the motion as a motion pursuant to F.R.C.P. 59(e). Respondent's reply brief asserts:

> Although labeled as a Motion under F.R.C.P. 60(b), Respondent's Motion for Reconsideration ... must be construed, regardless of what it was originally termed, as a Motion for Reconsideration under F.R.C.P. 59(e).

Respondent's Reply Brief at 1. Yet, just three pages later, in the body of the reply brief, respondent argues that, in the alternative, the motion may also be viewed as a motion under Rule 60(b) if the court chooses to do so. Reply at 4.

In essence, it appears to the Court that respondent was simply asking Magistrate

Judge Kugler to reconsider his September 16th letter opinion. Motions filed pursuant to any of the three rules—Local Rule 12I, F.R.C.P. 59(e) and F.R.C.P. 60(b)—in essence seek the same result but each has substantively different requirements. Since respondent's papers appear to contradict each other, it was reasonable for the court to interpret the motion as a motion for reconsideration pursuant to Local Rule 12I. As Magistrate Judge Kugler aptly points out, the court was empowered to grant extensions under Local Rule 12I that respondent had requested and these extensions would not have been available under Rule 59(e).

Even assuming *arguendo* that Magistrate Judge Kugler should have characterized the motion as a Rule 60(b) motion, respondent did not articulate what kind of Rule 60(b) motion it was that he filed. There are six subsections in Rule 60(b), each with its own proof requirements. Nor did respondent present evidence to support a 60(b) motion, such as evidence revealing a mistake, inadvertence, excusable neglect, newly discovered evidence or fraud as the Rule requires. Accordingly, respondent has not demonstrated that Magistrate Judge Kugler's characterization of the papers as motions for reconsideration under Local Rule 12I was clearly erroneous or contrary to law.

*D.   Did Magistrate Judge Kugler's December 3, 1993 Letter Opinion Fail To Address The Issue Of "Duty" or "Increased Duty"?*

Respondent argues that the court should have considered more fully respondent's arguments, presented in his motion for reconsideration, for extending tort liability to defendant Santa Barbara.[12] According to the respondent, the court raised this theory of liability for the first time on the day of oral argument. Since he did not have time to research this question, respondent asserts that he could not properly prepare for the argument and, therefore, had to research and develop this theory for the first time in his motion for reconsideration. Respondent suggests, therefore, that the court did not fully weigh these arguments.

Respondent's assertions are simply not so. It was the Respondent in his opposition brief to Santa Barbara's motion for sanctions, not the court during oral argument, who first used the language "*increased duty of care* to guard against underage drinking or defective conditions on the property". Respondent's Memorandum of Law In Opposition to Santa Barbara's Motion for Sanctions (emphasis in the original). In fact, similar language is present in the eleventh count of the Complaint filed by respondent. Since it was respondent who articulated this novel theory of liability, respondent had plenty of time to complete the necessary research to support his theory of liability prior to oral argument.

Even though respondent did not provide Magistrate Judge Kugler with caselaw supporting his theory of liability until he filed his motion for reconsideration, Magistrate Judge Kugler's letter opinion makes it clear that the court did consider respondent's legal arguments regarding theories of liability. The record shows that the court was not swayed by respondent's arguments. Accordingly, respondent has failed to show that Magistrate Kugler's denial of respondent's motion for reconsideration was clearly erroneous or contrary to law.

## III.   CONCLUSION

For the foregoing reasons, the Court denies respondent's motion to set aside Magistrate Judge Kugler's December 3, 1993 letter opinion. Magistrate Judge Kugler's letter opinion is neither clearly erroneous nor contrary to law.

## ORDER

This matter having come before the Court on the motion of respondent Joel Wayne Garber appealing Magistrate Judge Kugler's denial of respondent's motion for reconsideration; and

Having considered the submissions of the parties;

---

12.   Respondent's fourth argument is similar to his second argument set forth in Section B, *supra,* This argument merely focuses on respondent's specific theory of liability and tries to suggest that the court raised the issue of an "increased duty of care" *sua sponte.*

For the reasons set forth in the Court's opinion of this date;

IT IS ON THIS 30th day of September, 1994 hereby **ORDERED** that respondent's motion is **DENIED.**