Craig John MAISONVILLE, Plaintiff,

and

James M. Dombroski,
Plaintiff–Appellant,

v.

F2 AMERICA, INC.; F2 International,
Inc., Defendants–Appellees.

No. 88–2797.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 13, 1989.*

Decided May 4, 1990.

John H. Boone, San Francisco, Cal., for plaintiff-appellant.

Gerald T. Sekimura, Limbach, Limbach & Sutton, San Francisco, Cal., for defendants-appellees.

Before WRIGHT, HUG, and LEAVY, Circuit Judges.

HUG, Circuit Judge:

James M. Dombroski, attorney for plaintiff in the underlying lawsuit, appeals the district court's affirmance of the magistrate's imposition of a $1,000 sanction pur-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

suant to Fed.R.Civ.P. 11, for filing a factually frivolous motion for reconsideration.

In the underlying case, Dombroski represented the plaintiff in a trademark infringement action against F2 America, Inc. and F2 International, Inc. The case was automatically referred to a magistrate for all pretrial proceedings pursuant to Local Rule 401–3 of the United States District Court for the District of Hawaii.[1] During pretrial proceedings, Dombroski asked the magistrate to sanction the defendant pursuant to Fed.R.Civ.P. 37(d) for failure to comply with discovery. The magistrate denied Dombroski's motion. Dombroski then filed a motion for reconsideration. The magistrate denied Dombroski's motion for reconsideration and ordered Dombroski, *sua sponte*, to show cause why he, in turn, should not be sanctioned under Rule 11. The magistrate rejected Dombroski's reasons and sanctioned him $1,000.

Dombroski then appealed the magistrate's sanction order. In accordance with Local Rule 404–1 of the United States District Court for the District of Hawaii,[2] which essentially tracks Fed.R.Civ.P. 72(a), the district court reviewed the magistrate's order of sanctions under a clearly erroneous standard of review. Finding no clear error, the district court affirmed the magistrate's order. This appeal followed. We affirm.

Before turning to the merits, we must determine whether the magistrate had jurisdiction to order Dombroski to pay Rule 11 sanctions. *See In re Ryther*, 799 F.2d 1412, 1414 (9th Cir.1986) (lack of subject matter jurisdiction can be raised by a court *sua sponte* ).

▐ Under the existing statutory structure, the magistrate's jurisdiction to order sanctions, rather than recommend sanctions to the district court, is dependent upon whether Rule 11 sanctions are characterized as dispositive or non-dispositive of a claim or defense of a party. *See* 28 U.S.C. § 636(b)(1); and Fed.R.Civ.P. 72. If Rule 11 sanctions are characterized as non-dispositive, then under § 636(b)(1)(A) and Rule 72(a), the magistrate here properly entered "a written order setting forth the disposition of the matter" and the district court properly reviewed the matter for clear error. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Alternatively, if Rule 11 sanctions are characterized as dispositive, then the magistrate had authority only to "enter into the record a recommendation for disposition of the matter" to be reviewed by the district court *de novo*. *See* Fed.R.Civ.P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, we find that the Rule 11 sanctions imposed here are non-dispositive matters properly ordered by the magistrate and reviewed by the district court for clear error.

First, Rule 72(a) defines non-dispositive matters as those "pretrial matter[s] not dispositive of a claim or defense of a party." Although Rule 11 expressly applies to "every pleading, motion, and other paper of a party," the Rule 11 sanctions imposed here were not dispositive of a claim or defense of a party. In fact, the parties had already settled the case prior to Dombroski's filing his motion for reconsideration. Thus, under Rule 72(a), the Rule 11 sanctions imposed in this case are properly characterized as non-dispositive.

Second, the Federal Magistrates Act, codified at 28 U.S.C. §§ 604, 631–639 and 18 U.S.C. §§ 3060, 3401–3402 and implemented by Fed.R.Civ.P. 72–75, supports our conclusion that Rule 11 sanctions are non-dispositive matters. Specifically, section 636(b)(1)(A) lists those motions which may

---

**1.** D.C.Haw.R. 401–3 provides in relevant part: *Determination of non-dispositive pretrial matters; 28 U.S.C. Section 636(b)(1)(A).* Unless otherwise ordered a magistrate shall hear and determine any pretrial motions including discovery motions in a civil or criminal case.

**2.** D.C.Haw.R. 404–1 provides in relevant part:

*Appeal of non-dispositive matters; 28 U.S.C. Section 636(b)(1)(A).* A magistrate may hear and determine any pretrial matter pending before the Court.... Any party may appeal from a magistrate's order determining a motion or matter.... A United States District Judge shall consider the appeal and shall set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.

not be determined by a magistrate. Accordingly, any motion not listed, nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine. *See* 7 J. Moore, J. Lucas & K. Sinclair, Jr. *Moore's Federal Practice*, ¶ 72.02[4.–8], at 72–19 (2d ed. 1989). *See also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir.1988). Rule 11 sanctions are not listed in the group of dispositive matters, nor do the sanctions imposed here have an effect similar to those motions considered dispositive.

Finally, although we have not previously decided this issue, other courts have noted that discovery sanctions not falling within the motions excepted in section 636(b)(1) are non-dispositive matters. *See, e.g., id.* at 1462; *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir.1981). In this context, we see no material distinction between Rule 11 sanctions and Rule 37 sanctions. In Rule 11, the word sanctions stresses a deterrent orientation in dealing with improper pleadings, motions, or other papers. "This corresponds to the approach in imposing sanctions for discovery abuses." Fed.R.Civ.P. 11, advisory committee notes (1983 amendment).

For these reasons, we find that the Rule 11 sanctions imposed in this case are non-dispositive. Accordingly, the magistrate had jurisdiction to order Rule 11 sanctions and the district court properly reviewed the magistrate's order for clear error.

■ Having decided that a magistrate has jurisdiction to order Rule 11 sanctions, we next decide if jurisdiction was properly referred to the magistrate in this case. *See* Fed.R.Civ.P. 72(a); 7 J. Moore, J. Lucas & K. Sinclair, Jr., *Moore's Federal Practice* ¶ 72.02[4.–1], at 72–14 (2d ed. 1989) ("Rule 72 provides procedural instructions in matters before a magistrate 'to whom a pretrial matter … *is referred*'.") (emphasis in original).

Here, an express referral is not found in the record. Nonetheless, we find that jurisdiction to order Rule 11 sanctions was implicitly referred to the magistrate when the case was automatically referred to him to decide "any pretrial motions including discovery motions" pursuant to Local Rule 401–3. Dombroski's motion for reconsideration was a discovery motion because it asked the magistrate to reconsider his denial of Dombroski's motion to sanction his opponent for discovery abuses. Discovery motions "fall within the ambit of Rule 11." Fed.R.Civ.P. 11, advisory committee note (1983 amendment). Thus, when, as here, a district court refers all discovery motions to a magistrate, it implicitly authorizes the magistrate to impose Rule 11 sanctions for discovery motions when appropriate.

Concluding that the magistrate had jurisdiction to order Rule 11 sanctions and that jurisdiction was properly referred to the magistrate in this case, we now turn to the merits of this appeal and review whether Dombroski's motion for reconsideration was factually frivolous.

■ "If the facts relied upon by the district court to establish a Rule 11 violation are in dispute, the court reviews the factual findings of the district court under a clearly erroneous standard. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir. 1986). If the district court's conclusion that the facts constitute a violation of the rule is disputed, this legal conclusion is reviewed *de novo.* *Id.*"

Rule 11 permits a court to impose sanctions in two circumstances: (1) where a party makes a frivolous filing, "that is, where he files a pleading or other paper which no competent attorney would believe was well grounded in fact and warranted by law;" and (2) where a party files a pleading or paper for an improper purpose, "such as personal or economic harassment." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir.1987). Dombroski was sanctioned because the magistrate and the district court found his motion for reconsideration to be factually frivolous.

A motion is factually frivolous if "a competent attorney, after reasonable inquiry, could not form a reasonable belief that the [motion] was well founded in fact." *Id.* at 887. Sanctions based on a frivolous filing

have been limited to situations where a motion is "baseless" or "lacking in plausibility." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir.1987).

The crux of Dombroski's motion for reconsideration was that he was not given an adequate opportunity to be heard before the magistrate denied his motion for sanctions against the defendant. In this regard, there are two primary reasons why Dombroski's motion for reconsideration was factually frivolous.

First, Dombroski's motion for reconsideration misstated the fact that he had no notice of a status conference which was originally called by the defendants regarding Dombroski's motion for discovery sanctions. This assertion was frivolous because Dombroski attempted to cancel the conference. In short, Dombroski obviously had notice of the conference or he would not have attempted to cancel it.

Second, Dombroski's motion for reconsideration maintained that the status conference was an improper *ex parte* hearing on his motion for sanctions against the defendant for failure to comply with discovery. This, too, was a frivolous assertion. We agree with the district court that two documents placed Dombroski on notice that further investigation was necessary before he filed his motion for reconsideration claiming that the status conference was *ex parte*. First, the magistrate's order denying Dombroski's motion for discovery sanctions indicated that the matter was submitted without hearing. In addition, a letter from Dombroski's opposing counsel outlining the matters discussed at the status conference also placed Dombroski on notice that further investigation was necessary before he claimed that the status conference was an improper *ex parte* hearing. Further, as the magistrate noted, a phone call to the magistrate's chambers would have confirmed that Dombroski's motion for sanctions was in fact not heard on the merits at the status conference.

Rule 11 was "designed to create an affirmative duty of investigation both as to law and as to fact before motions are filed." *Golden Eagle Distrib. Corp. v.*

*Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986). Here, Dombroski does not maintain that he made any further investigation before claiming the status conference was an improper *ex parte* hearing. We believe that had Dombroski made a reasonable inquiry, he could not have formed "a reasonable belief that the [motion for reconsideration] was well founded in fact." *Greenberg*, 822 F.2d at 887.

Because we find these two grounds sufficient to sustain the sanctions imposed upon Dombroski, we do not address the other reasons given by the district court in support of its judgment. *See Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 559 (9th Cir.1986), *cert. denied sub nom., Barton v. E.F. Hutton & Co., Inc.*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987) (finding two primary grounds sufficient to uphold sanctions and declining to address additional grounds given by the district court.)

The judgment of the district court is AFFIRMED.