15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kevin R.B. ARCUME, Plaintiff-Appellant,
v.
ALOHA MOTORCYCLE U-DRIVE, INC., a Hawaii corporation, dba
Aloha Funway Rentals; Bradley Skinner, also known
as Brad Skinner; Christina Humen, an
individual, Defendants-Appellees.
 No. 92-16685.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Feb. 7, 1994.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin R.B. Arcume appeals pro se the district court's award of Rule 11 sanctions in the amount of $11,197.64 to defendants. We have jurisdiction under 28 U.S.C. Sec. 1291.[1]
 
 
 3
 We review the district court's rulings on Rule 11 sanctions for an abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365-66 (9th Cir.1990) (en banc). In imposing sanctions, the district court abuses its discretion if it relies on an erroneous assessment of the evidence or an erroneous view of the law. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Townsend, 929 F.2d at 1366.
 
 
 4
 Rule 11 sanctions must be imposed on the signer of a paper if (1) the paper is filed for an improper purpose, or (2) the paper is frivolous. Townsend, 929 F.2d at 1362. However, a complaint which initiates an action can be sanctioned only if it is frivolous. Id. A filing is frivolous if it is both baseless and made without a reasonable and competent inquiry. Id. Such an inquiry must be objectively reasonable under the circumstances. Business Guides v. Chromatic Communications Ent., 111 S.Ct. 922, 933 (1991). The entire complaint need not be frivolous to merit Rule 11 sanctions. Townsend, 929 F.2d at 1363-64.
 
 
 5
 Here, the magistrate judge issued an order on February 23, 1992, imposing sanctions against Arcume in the amount of $11,197.64. This order contained no findings of frivolousness, nor any reasoning as to how the magistrate judge determined that sanctions were appropriate. The magistrate judge did, however, explain his reasons for awarding sanctions in a letter sent to Arcume and the defendants. This letter was not then a part of the district court record. On May 12, 1993, we remanded this matter to the district court for the limited purpose of determining whether the record should be supplemented to include the magistrate judge's letter. We further directed the district court to modify the order awarding sanctions to include the court's reasoning, if it was determined that the magistrate judge's letter should not be made a part of the district court record.
 
 
 6
 On remand, the district court granted the defendants' motion to supplement the record to include the magistrate judge's letter. We now consider the propriety of the sanctions award.
 
 
 7
 The magistrate judge found that Arcume's complaint was frivolous and that Arcume refused to provide any factual basis for his allegations at his deposition. Based on our review of the record in this case, we agree. Arcume brought a lawsuit seeking more than $30 million in damages based on a disputed charge to his credit card of $950.[2] The complaint alleged that the defendants engaged in racketeering, robbery, bribery, extortion, embezzlement, securities fraud, mail and wire fraud, and money laundering, among other things. Arcume admitted at his deposition that he had no information tending to support his allegation of securities fraud, and that he did not recall the incidents of bribery or extortion. He refused to answer a number of questions regarding the factual basis for other allegations in his complaint. In these circumstances, the magistrate judge did not abuse his discretion by finding that the allegations in Arcume's complaint were both baseless and made without a reasonable objective inquiry. See Business Guides, 111 S.Ct. at 933; Townsend, 929 F.2d at 1362.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although neither party challenges this court's jurisdiction, we note that the magistrate judge's order was final and appealable, and that we have jurisdiction over this appeal pursuant to Maisonville v. F2 America, Inc., 902 F.2d 746, 747-48 (9th Cir.1990) (magistrate judge has jurisdiction to enter final, appealable order imposing Rule 11 sanctions), cert. denied sub nom. Dombrowski v. F2 America, Inc., 498 U.S. 1025 (1991)
 
 
 [2]
 This dispute apparently arose over charges to Arcume's credit card by the defendants. Arcume characterizes these charges as unauthorized; at his deposition, however, he admitted that he had given his roommate, Mr. Taulung, a credit card to charge on Arcume's account, and that Arcume routinely paid all the charges on this card. Apparently, Taulung made the charges that Arcume claims were not authorized
 
 
 [3]
 Arcume's motions to prepare a transcript of the district court's hearing following our remand, to disregard the magistrate judge's letter as unauthenticated, to supplement the record, and to order the district court to determine when the sanctions award was filed, are denied
 Because we find that Arcume's appeal is not frivolous, defendants' request for double costs on appeal is denied. See Fed.R.App.P. 38. Both sides are ordered to pay their own costs on appeal. In addition, we deny the defendants' motion for sanctions against Arcume for including unnecessary material in the Excerpts of Record, and we deny Arcume's motion to strike the defendants' answering brief.