Eugene W. ALPERN, Plaintiff–Appellant,

v.

Philip S. LIEB, et al., Defendants–Appellees.

Nos. 92–2035 & 92–3501.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 6, 1994.

Decided Oct. 28, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 14, 1994.

Eugene W. Alpern, pro se.

Robert G. Toews, Office of the Atty. Gen., Chicago, IL, for Philip S. Lieb.

Robert K. Blain, Rosalyn B. Kaplan, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, IL, for defendants-appellees.

Before PELL, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

This is Eugene Alpern's second attempt to enlist the federal courts on his side of a matrimonial dispute. His first complaint, seeking a stay of the divorce action pending in state court, was promptly dismissed as frivolous—which it was for several reasons. See *Ankenbrandt v. Richards*, —— U.S. ——, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (federal courts lack jurisdiction over divorce proceedings); 28 U.S.C. § 2283 (federal courts may not enjoin state litigation). Refusing to take "no" for an answer, Alpern filed a second suit seeking damages from his former wife, her attorney, and the state judge who pronounced the divorce. The district court swiftly dismissed this suit too. The domestic relations exception to federal jurisdiction, the *Rooker–Feldman* doctrine, § 2283 (a contest about the allocation of property was still on the state court's docket), principles of claim and issue preclusion, and principles of judicial immunity exclude any possibility of relief in federal court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *GASH Associates v. Village of Rosemont*, 995 F.2d 726 (7th Cir.1993). A litigant dissatisfied with the decision of a state tribunal must appeal rather than file an independent suit in federal court. Alpern's appeal (No. 92–2035) from the order dismissing his second complaint requires no further discussion.

After tossing out the second suit, the district judge instructed magistrate judge Bobrick "to hear and enter order on defendant's motion for Rule 11 sanctions." The magistrate judge took this language literally. He reviewed the parties' submissions, held a hearing, and entered an order requiring Alpern to pay sanctions of $3,350. The magistrate judge did not make a recommendation to the district judge; he entered an order purporting to carry independent force and directing Alpern to pay within 10 days. Alpern protested to the district judge, who responded by "overruling" all objections to the magistrate judge's "order." Later the district judge held Alpern in contempt of court for not paying the $3,350 and added $2,550 to the tab. 1993 U.S. Dist. LEXIS 3229, 5248 (N.D.Ill.). Alpern's attempt to avoid this obligation by filing a petition in bankruptcy failed, 11 F.3d 689 (7th Cir.1993), but the propriety of the magistrate judge's

original decision remains open to challenge in appeal No. 92–3501.

■ Congress has authorized magistrate judges to make independent decisions on the merits in three kinds of matters: misdemeanor prosecutions, 28 U.S.C. § 636(a); "any pretrial matter", with eight listed exceptions, 28 U.S.C. § 636(b)(1)(A); and any civil proceeding in which the parties consent to final decision by a magistrate judge, 28 U.S.C. § 636(c)(1). None of these grants of power applies. Alpern did not consent to decision by a magistrate judge, this is not a misdemeanor prosecution, and an award of sanctions under Fed.R.Civ.P. 11 after a case has been dismissed on the merits cannot be called a "pretrial matter". Quite the contrary, the exceptions in § 636(b)(1)(A)— awards of injunctive relief, decisions on the pleadings, grants of summary judgment, and so on—demonstrate that magistrate judges may not dispose of the merits of any civil case without the parties' consent. Although an award under Rule 11 is conceptually distinct from a decision on the merits, it requires one party to pay money to another; the denial of a request for sanctions has an effect similar to the denial of a request for damages. The power to award sanctions, like the power to award damages, belongs in the hands of the district judge. Certainly so if the district judge plans to treat an order to pay sanctions like an injunction and to punish nonpayment as contempt of court—for § 636(b)(1)(A) expressly denies to the magistrate judge any power to issue injunctions. (Just why an order to pay sanctions should be enforceable by contempt proceedings, when an order to pay money damages is not so treated, is obscure. We need not determine whether the characterization was proper.) A district judge may refer a dispute about sanctions to a magistrate judge for a recommendation under § 636(b)(1)(B) or § 636(b)(3), but the magistrate judge may not make a decision with independent effect.

■ Relying on the reference in § 636(b)(1)(A) to "pretrial matter[s]", the ninth circuit held in *Maisonville v. F2 America, Inc.*, 902 F.2d 746 (9th Cir.1990), that a magistrate judge may award sanctions under Rule 11 for filing a frivolous complaint. The

award in *Maisonville* took place before decision on the merits, so the magistrate judge may act unless an award of sanctions is one of the eight dispositive matters excluded from the scope of that subsection. The ninth circuit thought not; the sixth circuit later disagreed, holding in *Bennett v. General Caster Service of N. Gordon Co.*, 976 F.2d 995 (6th Cir.1992), that because sanctions under Rule 11 require the payment of money, a request for sanctions should be treated as a separate "claim." Then action one way or the other on sanctions is forbidden to a magistrate judge because decision finally resolves a claim for money. The sixth circuit has the better of this debate. Awards of sanctions (indeed, of attorneys' fees in general) are treated as separate claims for purposes of appellate jurisdiction. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). The ninth circuit itself is having second thoughts. In *Estate of Conners v. O'Connor*, 6 F.3d 656 (9th Cir.1993), that court held that a magistrate judge may not award attorneys' fees under 42 U.S.C. § 1988 to the victor in litigation under 42 U.S.C. § 1983. Without citing *Maisonville*, the court observed in *Conners* that the grant or denial of a request for attorneys' fees is a dispositive order, which restricts the magistrate judge to the role of recommender.

■ Our case has been complicated by the district judge's ambiguous response to the magistrate judge's order. By "overruling" an objection to the "order," the district judge may have meant to reiterate that final decision had been delegated to the magistrate judge. Yet because the district judge did not state any reasons for his action, it is possible that he meant to express an independent view on the propriety of sanctions. Which course he took is important. Appellate review of decisions under Rule 11 is deferential; we ask whether the district court abused its discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928 (7th Cir.1989) (en banc). If the district court exercised discretion, we would find no abuse; this suit is as silly as they come, and by filing a second suit after losing the first Alpern demonstrated that he acted for an

"improper purpose, such as to harass", Fed. R.Civ.P. 11(b)(1), and so flunked the subjective component of that rule as well as the objective component. But if the district judge meant only to reiterate that he had delegated final decision to the magistrate judge, the award of sanctions cannot stand, because the magistrate judge lacked authority to do anything other than make a recommendation. The discretion belongs to the district judge, and we must ensure that he exercises it. Even if it would be an abuse of discretion not to order Alpern to pay sanctions, the district judge must make a decision. The judge could not delegate the subject to a group of state judges with whom he had lunch, no matter how inevitable the outcome. Instead of guessing at the district judge's meaning, we remand the case so that the judge can explain himself. See Circuit Rule 50. If he has not yet made an independent decision on sanctions, the district judge should do so now. If he made such a decision, the judge should put his reasons on the record.

The judgment on the merits is affirmed. The award of sanctions is vacated, and the case is remanded for proceedings consistent with this opinion. Alpern must recognize that any further appeal is doomed, given the standards of *Cooter & Gell*, and will lead straight to an award of additional sanctions under Fed.R.App.P. 38.