**Balachandran RAJARATNAM, Petitioner–Appellant,**

v.

**A.D. MOYER, District Director of the Immigration and Naturalization Service, Respondent–Appellee.**

No. 94–2643.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1995.

Decided Feb. 17, 1995.

David Rubman, Chicago, IL (argued), for petitioner-appellant.

James G. Hoofnagle, Jr., Asst. U.S. Atty., Civ. Div., Chicago, IL (argued), for respondent-appellee.

Before ESCHBACH, COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Petitioner Balachandran Rajaratnam, a citizen of Sri Lanka and ethnic Tamil, seeks

review of a decision that he is not entitled to attorneys' fees under the Equal Access to Justice Act ("EAJA"). For the reasons set forth in the following opinion, we vacate the judgment and remand the case to the district court for proceedings consistent with our opinion in *Alpern v. Lieb*, 38 F.3d 933 (7th Cir.1994).

The petitioner was travelling to Canada; he was detained at O'Hare Airport because United States immigration officials discovered that he was travelling on false documents.[1] The Immigration and Naturalization Service ("INS") instituted exclusion proceedings against him. The petitioner then applied for political asylum and withholding of deportation on the ground that he was persecuted in Sri Lanka on account of his affiliation with the Tamil Tigers, a militant separatist group. His applications were denied, and the Board of Immigration Appeals ("BIA") affirmed the denials. These decisions were based on the determination that the petitioner had failed to establish past persecution or a well-founded fear of future persecution.

The petitioner then sought judicial review of the BIA final order of exclusion by bringing habeas corpus proceedings under 8 U.S.C. § 1105a(b). The district court granted relief on the ground that "no reasonable factfinder could fail to find that petitioners were persecuted on account of that imputed political opinion [as suspected members of the Tamil Tigers]." *Rajaratnam v. Moyer*, 832 F.Supp. 1219, 1223 (N.D.Ill.1993). It therefore reversed the decision of the Board with respect to the withholding of deportation and remanded the case to the Attorney General for exercise of her discretion concerning asylum.

The petitioner then sought attorneys' fees and costs for his withholding of deportation

claim under the EAJA. He claimed that he was a prevailing party and that the BIA decision was not substantially justified. The district court recommended referral of the matter to a magistrate judge. The Chief Judge of the District, on behalf of the court's Executive Committee, entered an order on October 22, 1993, referring the matter to a magistrate judge.

By Order of February 25, 1994, the magistrate judge denied attorneys' fees on the ground that EAJA fees are not authorized because the underlying exclusion proceeding before the BIA was not an "adversary adjudication." The magistrate judge's ruling was based on the Supreme Court's decision in *Ardestani v. INS*, 502 U.S. 129, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991). After seeking reconsideration before the magistrate judge, the petitioner sought review and reconsideration by the district court. In that motion, the petitioner took the position that the magistrate judge did not have the authority to enter a final judgment with respect to the application for fees. The district court denied the motion without commenting on the authority of the magistrate judge or the merits of the fee petition.

We believe that this case is governed by our decision in *Alpern v. Lieb*, 38 F.3d 933 (7th Cir.1994). In that case, we held that a magistrate judge does not have the authority to enter an order concerning sanctions under Federal Rule of Civil Procedure 11. We noted that the Congress has authorized magistrate judges to make independent decisions on the merits with respect to three kinds of matters: (1) misdemeanor prosecutions;[2] (2) "pretrial matters";[3] and (3) civil proceedings in which the parties consent to a final decision by the magistrate judge.[4] In *Alpern*, none of these grants of authority applied.

---

1. Another Tamil from Sri Lanka, Arudshankar Arulanantham, was also detained from that flight. His petitions for asylum and withholding of deportation were denied. The two petitioners filed a joint petition for habeas corpus in the district court. The court denied Arulanantham's application for withholding of deportation, but found that he had established a well-founded fear of persecution sufficient for political asylum. The court remanded his case for a determination of whether to grant discretionary asylum. 832 F.Supp. 1219, 1223 (N.D.Ill.1993). He is not a petitioner in this case.

2. 28 U.S.C. § 636(a)(4).

3. 28 U.S.C. § 636(b)(1)(A) (listing eight exceptions to this grant of authority to a magistrate judge).

4. 28 U.S.C. § 636(c)(1).

*Id.* at 935. None applies in the case now before us. The first and third categories are clearly not applicable. The attorneys' fees application before the magistrate was neither a misdemeanor matter nor a matter with respect to which the parties had agreed to final decision by the magistrate judge. The second basis of power cannot be stretched to cover this situation. The application for fees cannot be characterized as nondispositive.[5]

■ The district court noted in its referral order the authority granted by 28 U.S.C. § 636(b)(3). That subsection permits the assignment to a magistrate judge of "such additional duties as are not inconsistent with the Constitution and Laws of the United States." Such a referral does not permit the magistrate judge to enter a final decision appealable to this court.[6]

The Court of Appeals for the Ninth Circuit has confronted a very similar situation in *Estate of Conners v. O'Connor*, 6 F.3d 656, 658–59 (9th Cir.1993). In that case, the court held that the award of attorneys' fees under 42 U.S.C. § 1983 cannot, under the current statutory scheme, be committed to the magistrate judge for a final decision. *Accord Gleason v. Secretary, Health & Human Services*, 777 F.2d 1324, 1325 (8th Cir. 1985) (dismissing appeal of magistrate judge's grant of attorneys' fees for lack of jurisdiction). We believe that the situation before us is analytically indistinguishable.[7]

The petitioner asked the district court to review the decision of the magistrate judge. That motion challenged, along with the magistrate judge's determination of the EAJA issue, the authority of the magistrate judge to determine that issue in a dispositive manner. When the petitioner sought this reconsideration, the district court was required to review the magistrate judge's factual determinations and legal conclusions de novo.[8]

---

5. *Cf.* Fed.R.Civ.P. 54(d)(2)(D) (added Dec. 1, 1993, after referral of this matter) (stating that "the court … may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter"). Rule 72(b) requires that the magistrate judge enter a recommendation for disposition of a referred matter. *See* Fed.R.Civ.P. 54(d)(2)(D) advisory committee's note, 1993 amendment ("The district judge may designate a magistrate judge to act as a master for this purpose or may refer a motion for attorneys' fees to the magistrate judge for proposed findings and recommendations under Rule 72(b).").

6. *See Alpern*, 38 F.3d at 935 (noting that a magistrate judge's determination pursuant to 28 U.S.C. § 636(b)(3) does not have "independent effect"); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir.1993) (stating that matters assigned to a magistrate judge under § 636(b)(3) are not subject to final determination by the magistrate); *Estate of Conners v. O'Connor*, 6 F.3d 656, 659 & n. 2 (9th Cir.1993) (concluding that magistrate did not have authority to enter final order under § 636(b)); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 856 n. 5 (5th Cir.1991) (stating that, when a case is referred to the magistrate judge under § 636(b)(3), "the magistrate is not authorized to enter judgment for the court; she makes only proposed findings of fact and recommends a ruling on the motion"); *Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir.1989) (stating that a magistrate assigned additional duties under § 636(b)(3) "remains constantly subject to the inherent supervisory power of the district judge"); *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir.

1987) (noting that § 636(b) generally appears to contemplate appeal to district judge in the first instance).

7. *See also Massey*, 7 F.3d at 10 (concluding that magistrate judge did not have authority to enter a final order in postjudgment award of fees and costs). Both the Sixth and Ninth Circuits noted that fees motions are not "pretrial matters," but are "dispositive of a claim."

8. "[T]he de novo standard of review of subsections (b)(1)(B) and (C) also has been invoked when a dispositive matter is referred to a magistrate under the broad 'additional duties' power of Section 636(b)(3), which includes no statutory standard of review." 12 Charles A. Wright et al., *Federal Practice and Procedure* § 3076.5 (Supp. 1994).

The "de novo determination" called for in the statute and in Rule 72(b) does *not* mean that the judge must conduct a new hearing, but simply means that he must give "fresh consideration to those issues to which specific objections have been made."

*Id.* at § 3076.8 (quoting H.R.Rep. No. 1609, 94th Cong., 2d Sess. 3 (1976)). The district judge to whom a timely objection is made to the magistrate's ruling "must review the record and magistrate's recommendations, and must make a de novo determination of the facts and legal conclusions, receiving additional evidence and rehearing witnesses at his discretion." *Id.* (citing *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974)); *see also Massey*, 7 F.3d at 510; *Bennett v. General Caster Serv.*, 976 F.2d 995, 998 (6th Cir.1992);

The court simply denied the motion. Under the circumstances presented here, we cannot assume that the district court's denial without explanation constituted the required review. The district court explicitly had referred the matter to the magistrate judge "to hear and enter order." After the magistrate judge ruled, the petitioner, in his motion for review and reconsideration, specifically contended that the magistrate judge lacked authority to enter such an order. The denial without explanation by the district court cannot be considered a de novo review of the merits of the fee petition. It is much more naturally read as the court's declination to review a matter that it had delegated for final decision to the magistrate judge because it believed the magistrate judge had the authority to enter such an order. We hold, however, that the magistrate judge did not have the statutory authority to rule definitively on the petitioner's application for fees. Accordingly, the judgment is vacated and the case is remanded to the district court for proceedings consistent with this opinion. The parties shall bear their own costs in this court.

VACATED AND REMANDED.

*NLRB v. Frazier,* 966 F.2d 812, 816 (3d Cir.1992) (stating that, if the matter referred under § 636(b)(3) resembles a § 636(b)(1)(B) exception, the district court should employ de novo review).