67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
McPHAIL'S, INC., a California Corporation, Plaintiff,
and
Robert A. Nellessen, Appellant,
v.
Daniel CRAIGHEAD, individually and doing business as D.C.
Crane Excavating, Defendant,
and
Diane Cupples, Defendant-Appellee.
 No. 94-15473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Sept. 27, 1995.
 
 Before: KOZINSKI and HAWKINS, Circuit Judges, and SILVER**, District Judge.
 MEMORANDUM***
 Robert Nellessen, the attorney for defendant/cross-claimant Daniel Craighead in the underlying lawsuit, appeals pro se the imposition of Rule 11 sanctions against him. Nellessen filed a motion seeking to enforce a settlement he claimed he had entered into on behalf of his client with Diane Cupples, a cross-defendant. Magistrate Phyllis J. Hamilton denied Nellessen's motion, and ordered sanctions against him because she found that the motion "was entirely frivolous."[1] Judge Eugene F. Lynch subsequently entered judgment against Nellessen for $2,796. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 I.
 Magistrate Hamilton had jurisdiction to order sanctions against Nellessen under 28 U.S.C. Sec. 636(b)(1)(A) and Fed.R.Civ.P. 72(b), which authorize magistrates to enter non-dispositive orders. "The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law." Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (citing Rule 72(b)); see also Maisonville v. F2 America, Inc., 902 F.2d 746, 747 (9th Cir.1990). The Rule 11 sanctions in this case were properly characterized as non-dispositive, so the district court correctly reviewed the magistrate's order for clear error--Nellessen's protestations notwithstanding.
 We review the factual conclusions underlying the district court's judgment confirming the sanctions order for clear error. Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986). Whether the conduct in question violated Rule 11 is a legal conclusion which we review de novo. Id. The appropriateness of the sanctions is reviewed for abuse of discretion. Grimes, 951 F.2d at 238; Zaldivar, 780 F.2d at 828. See also, Cooter & Gell v. Hartmarx Corp. 496 U.S. 384, 400-01 (1990).
 II.
 Nellessen lists several "procedural improprieties" that he claims invalidate the Magistrate's sanctions order. We hold that none of these alleged deficiencies undermine Magistrate Hamilton's order.
 First, although Cupples' "Request for Sanctions" against Nellessen was contained in her opposition to Nellessen's motion rather than in a separately captioned motion, it nonetheless put Nellessen on notice that Cupples was seeking sanctions and adequately specified the grounds supporting her motion. See Fed.R.Civ.P. 7(b) (Motions "shall state with particularity the grounds therefor, and shall set forth the relief or order sought."). The Magistrate properly considered Cupples' motion for sanctions.
 Second, the Magistrate adequately explained why she concluded that the motion to enforce the settlement was frivolous. In the Report and Recommendation, Magistrate Hamilton thoroughly analyzed the evidence to determine whether Nellessen's motion had any legal or factual support. After concluding its examination of the evidence, the Magistrate stated: "This court finds that defendant's motion to enforce settlement and for sanctions against cross defendant as well as the papers filed by Nellessen in support of this motion were not 'well grounded in fact.' " The Magistrate's inquiry was properly focused on whether the motion was "baseless."
 Third, the Magistrate's Report and Recommendation carefully details how Nellessen's attempt to enforce a settlement to which the parties never agreed constituted "sanctionable conduct" and provided the basis for the Rule 11 violation.
 Finally, the Magistrate committed no error by awarding sanctions to Cupples to cover the attorneys' fees incurred as a result of Nellessen's frivolous motion. Rule 11 provides for the payment of attorneys' fees "if imposed on motion and warranted for effective deterrence." Fed.R.Civ.P. 11(c)(2). The sanction award in this case was consistent with both the spirit and letter of Rule 11. Nellessen's arguments regarding the purported "procedural improprieties" are wholly meritless.
 III.
 Nellessen next argues that the sanctions order was improperly based on the Magistrate's determination that Cupples' attorney had "greater credibility" than Nellessen regarding the contents of the April 26, 1993 telephone conversation. This argument, however, ignores the other evidence supporting the Magistrate's conclusion that no settlement agreement existed. On April 16, 1993, Cupples' attorney offered to settle for $2,500. Cupples' attorney testified that Nellessen immediately counter-offered $4,000. Nellessen denied making the counter-offer but testified that "the offer could not be accepted when McPhail's [the plaintiff in the underlying action] demand was $15,000."
 Regardless of which version of the April 16, 1993 telephone conversation is true, the $2,500 offer was no longer open when the conversation ended. Either Nellessen killed the offer with a counter-offer or he rejected it outright--in either case, the offer did not survive. This evidence alone, which does not rely on credibility determinations, supports the Magistrate's finding that no settlement existed. The exact content of the April 26, 1993 conversation and whatever other "favorable" evidence Nellessen might have produced cannot change the simple fact that once rejected, the offer was no longer open. The Magistrate did not err in ordering sanctions and the district court properly entered judgment on that order.
 IV.
 Finally, Nellessen argues that the award of attorneys' fees was inappropriate and constituted an abuse of discretion. However, on October 15, 1993, Cupples' attorney filed a declaration in support of the request for sanctions itemizing the amount of time spent preparing to oppose Nellessen's frivolous motion. This declaration provides ample support for the Magistrate's determination of the appropriate amount of attorneys' fees. Further, as noted in section II., supra, an award of attorneys' fees may be made if "warranted for effective deterrence." The conclusion of the Magistrate and the district court that such an award would act as a deterrent in this case was not an abuse of discretion.
 Cupples has also requested sanctions under Fed.R.App.P. 38. Although her request appears in her brief, rather than a separately filed motion, "we consider [her] request as a separate motion to this court, severable from the balance of the brief." Partington v. Gedan, 880 F.2d 116, 130 (9th Cir.1989). The sanctions below were intended to shift fees so as to compensate Cupples for the expense of defending a wholly frivolous claim by Nellessen. This purpose is diluted if Nellessen can run up her legal fees by filing an equally frivolous appeal. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir.1994). Therefore, we grant the Rule 38 motion and award Cupples her costs and fees incurred on appeal. We remand to the district court for calculation of the appropriate sanctions award under Rule 38 and entry of judgment against Nellessen in that amount.
 AFFIRMED WITH SANCTIONS AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Magistrate Hamilton's order is contained in her Report and Recommendation re: Defendant's Motion to Enforce Settlement and for Sanctions Against Cross-Defendant Diane Cupples