**Gregory McCONNELL, Plaintiff–Appellant,**

**v.**

**ABC–AMEGA, INC., Frank Battaglia, and Robert Tharnish, Defendants–**

**Appellees.***

**No. 08–2563–cv.**

United States Court of Appeals,
Second Circuit.

July 2, 2009.

Peter B. Nicely, Buffalo, NY, for Plaintiff–Appellant.

Joseph S. Brown (Adam W. Perry, of counsel), Hodgson Russ LLP, Buffalo, NY, for Defendants–Appellees.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Gregory McConnell brought claims of employment discrimination in New York state court against his former employers, defendants-appellees ABC–Amega, Inc., Frank Battaglia, and Robert Tharnish (collectively, "ABC"), a private debt-collection corporation and its agents, respectively. In his complaint, McConnell asserted three causes of action under New York state law and also claimed that ABC violated the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution. Relying on the latter claims, ABC removed the action to the District Court under 28 U.S.C. § 1441; McConnell moved to remand back to state court. At the District Court proceeding, McConnell's counsel stated that McConnell never intended to assert claims under the U.S. Constitution. The District Court thus determined that no federal claims remained and remanded the case to state court.

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

The District Court also held that defendants had an objectively reasonable basis for removal and thus, no attorneys' fees were warranted. We assume the parties' familiarity with the other underlying facts, the procedural history, and the issues on appeal.

McConnell does not appeal the order remanding his case but, rather, argues that ABC's removal was improper and that the District Court erred in finding that removal was not objectively unreasonable so as to warrant attorneys' fees. ABC argues that McConnell waived any right to appeal the Magistrate Judge's order by failing to file written objections in a timely manner. McConnell responds that his objections are "jurisdictional" and therefore not waivable. We agree with ABC that McConnell's claims are not jurisdictional— McConnell does not contest the District Court's remand, and the District Court did not purport to retain any jurisdiction after McConnell withdrew his "federal claims" nor did it rule on the merits of any of his claims. The District Court ruled only on the motion to remand and the related motion for attorneys' fees.[1]

We agree with ABC that McConnell waived his objection to the magistrate judge's determination that ABC had an objectively reasonable basis to remove. Attorneys' fee determinations are considered "dispositive" for purposes of Rule 72 of the Federal Rules of Civil Procedure. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir.2008) (citing *Rajaratnam v. Moyer*, 47 F.3d 922, 923–24 (7th Cir. 1995).) Under Rule 72(b)(2) "a party [may] serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations" within ten days of receiving the recommended dispo-

sition for all objections to "dispositive" rulings. Even if McConnell's objections were treated as "nondispositive" (on the theory that the magistrate judge issued the remand order before *Beemiller* was decided and the magistrate judge might have assumed his ruling was "nondispositive"), McConnell would not have been relieved of the ten-day period for filing written objections. *See id.* In either instance, it has long been settled law that "failure to object to a magistrate judge's decision or recommendation generally forfeits the right to present those objections for appellate review." *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir.2002); *see also McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983). Because McConnell failed to preserve his meritorious claims, he has foreclosed his right to further appellate review.

### CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

---

1. A "district court has jurisdiction to resolve a motion for fees and costs under § 1447(c)

[even] after a remand order has issued."

*Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005).

