*106 DENNIS JACOBS, Chief Judge,
concurring:
The issue that splits our panel, but which is not necessary to the resolution of this case, is the authority of magistrate judges to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure in cases referred to them under 28 U.S.C. § 636(b). Do magistrate judges have the authority to order Rule 11 sanctions themselves, or only to make a recommendation of Rule 11 sanctions to the district court?
Section 636 of Title 28 sets the metes and bounds of a magistrate judge’s authority. When a district court refers a matter to a magistrate judge under § 636(b), the extent of the magistrate judge’s authority turns generally on whether the matter is “dispositive.” See generally Williams v. Beemiller, Inc., 527 F.3d 259, 264-65 (2d Cir.2008). As to nondispositive matters, the magistrate judge may rule, but as to dispositive matters, the magistrate judge may do no more than recommend. Id. In turn, the district court reviews a magistrate judge’s order on nondispositive matters under a clearly erroneous standard, but reviews its recommendation de novo. Id.
Section 636 does not specifically deal with sanctions.[1] We have held in Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990) that magistrate judges may impose sanctions under Rule 37 of the Federal Rules of Civil Procedure for noncompliance with discovery orders. As to the related issue of a magistrate judge’s authority to hold persons in contempt, Congress explicitly withheld such authority in the initial Federal Magistrates Act. See Pub.L. No. 90-578, § 101, 82 Stat. 1107, 1113-14 (1968). In 2000, Congress amended § 636 to give magistrate judges limited contempt powers. Now, magistrate judges have summary criminal contempt authority over anyone in their presence, under § 636(e)(2); as well as additional criminal contempt authority, and the full civil contempt authority of a district court, in any case referred to them on consent of the parties (pursuant to § 636(c)), under § 636(e)(3)-(4). With respect to sanctions however, specific direction from Congress is still absent.
Against this backdrop, Judge Leval is of the view that magistrate judges may impose Rule 11 sanctions, the “lighter, less consequential form of the same general species as a holding in contempt.” Concurrence of Judge Leval at 95. Judge Cabranes, on the other hand, is of the view that Thomas E. Hoar is limited to the Rule 37 context. Judge Cabranes would thus follow the Sixth and Seventh Circuits in holding that a magistrate judge may do no more than recommend Rule 11 sanctions' — on the principle that imposition of sanctions is dispositive of an issue that is “the functional equivalent of an independent claim.” Concurrence of Judge Cabranes at 86. See Alpern v. Lieb, 38 F.3d 933, 936 (7th Cir.1994); Bennett v. Gen. Caster Serv. of N. Gordon Co., 976 F.2d 995, 998 (6th Cir.1992) (per curiam).
This issue has divided the district courts in our Circuit. Compare Rates Tech. Inc v. Mediatrix Telecom, Inc., No. 05-cv-2755 (JSXAKT), 2007 WL 1987787, *2, 2007 U.S. Dist. LEXIS 48237, at *4 (E.D.N.Y. June 29, 2007) (applying de novo review), with McAllan v. Von Essen, 517 F.Supp.2d 672, 678 (S.D.N.Y.2007) (apply *107 ing a clearly erroneous standard of review because “[o]rders concerning Rule 11 sanctions ... are ... considered nondispositive”). See also Colida v. Nokia Inc., No. 07 Civ. 8056(KMW)(HBP), 2008 WL 4449419, at *2 n. 4 (S.D.N.Y. Sept. 29, 2008) (‘Whether motions for sanctions are dispositive or non-dispositive is currently a contested point of law within the Second Circuit.”), aff'd, No. 2009-1326, 2009 WL 3172724 (Fed.Cir. Oct. 6, 2009) (per curiam). The circuits themselves are split. Compare Alpem, 38 F.3d at 936 (imposition of Rule 11 sanctions is dispositive), with Maisonville v. F2 America, Inc., 902 F.2d 746, 748 (9th Cir.1990) (imposition of Rule 11 sanctions is nondispositive). See also Lancellotti v. Fay, 909 F.2d 15, 17 n. 2 (1st Cir.1990) (avoiding the “vexing” question whether Rule 11 sanctions ordered by a magistrate judge are properly characterized as dispositive or nondispositive). The need for guidance is clear.
However, given our earlier decision in Thomas E. Hoar, and the 2000 amendments to § 636, any attempt to settle this issue now would only create more problems.
For example, Judge CABRANES proposes to distinguish Rule 11 sanctions from Rule 37 sanctions on the basis of the traditionally “broad scope of a magistrate judge’s authority over discovery disputes,” which “provides the source of his authority to impose sanctions for the violation of discovery orders.” Concurrence of Judge Cabranes at 8. But using such a broad principle to patrol the border between Rule 11 and Rule 37 sanctions can become quixotic. How does one classify misrepresentations regarding compliance (or not) with discovery obligations?
On the other hand, holding that magistrate judges do possess authority to impose Rule 11 sanctions would create a confusing body of law as to what orders are dispositive under § 636(b), and the related question of when a lower court’s order is appealable pursuant to the collateral order doctrine. For the reasons stated by Judge CABRANES, as well as the Sixth and Seventh Circuits (in Bennett and Alpem respectively), the imposition of Rule 11 sanctions is the functional equivalent of an independent claim[2]; for that reason, Rule 11 sanctions are immediately reviewable in this Court pursuant to the collateral order doctrine. Sanko S.S. Co. v. Galin, 835 F.2d 51, 53 (2d Cir.1987) (Rule 11 sanction is a reviewable collateral order, a “conclusive determination ... completely separate from the merits ... and [not] effectively reviewable on appeal from a final judgment”). If we follow Judge LEVAL’s proposed holding, then Rule 11 sanctions could be referred to a magistrate judge as nondispositive for purposes of § 636(b), yet any imposition of sanctions would be dispositive enough to be immediately reviewable under the collateral order doctrine. This is incoherent.
In sum, each of my colleagues would rewrite § 636, in a different way. I respectfully suggest that this knot needs to be untied by Congress or by the Supreme Court.

. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (comparing Rule 11 sanctions to a criminal contempt charge insofar as each is “a separate and independent proceeding at law that is not part of the original action” (internal quotation marks omitted)).