13-269-cr
*United States v. Lauria (Pappas)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand thirteen.

PRESENT:
        DEBRA ANN LIVINGSTON,
        SUSAN L. CARNEY,
                Circuit Judges,
        JOHN G. KOELTL,[*]
                District Judge.

---

UNITED STATES OF AMERICA,

                *Appellee*,

  -v-                                    No. 13-269-cr

MARKOS PAPPAS,

                *Defendant-Appellant*,

GORDON LAURIA, ALFRED CHICKY BELLUCCI, ALEXANDER ROGERS,

                *Defendants*.[**]

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption as set forth above.

MARKOS PAPPAS, *pro se*, Coleman, FL.

PETER D. MARKLE, SANDRA S. GLOVER, Assistant United States Attorneys, *for* Deidre M. Daly, Acting United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** and Defendant-Appellant's motion is **DENIED** as moot.

Defendant-Appellant Markos Pappas ("Pappas"), *pro se*, appeals from the December 28, 2012 order of a magistrate judge (Martinez, *M.J.*) denying his post-trial motion for enforcement of the district court's September 2011 order directing the unsealing of a certain document and granting the Government's motion for reconsideration of the unsealing order. He also moves for a "summary remand" for reentry of the magistrate judge's order, to which he did not object in the district court, as a "recommended ruling." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The general authority of magistrate judges is governed by 28 U.S.C. § 636. Subsection (c) of that statute addresses a magistrate judge's authority conferred by the consent of the parties, while subsection (b) deals with authority conferred by a referral from the district judge. Preliminarily, it is apparent that § 636(c) is inapplicable here. That subsection permits the parties to a "civil matter" to consent to the plenary authority of a magistrate judge and thus permits the magistrate judge to enter final, directly appealable orders. *See* 28 U.S.C. § 636(c)(1), (3); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 91-92 (2d Cir. 1995). Pappas's appeal, however, was taken from an order entered in a criminal action and, in any event, there is no indication that the parties consented to the exercise of plenary authority by the magistrate judge.

In the absence of consent, the authority of a magistrate judge is limited to actions permitted under § 636(b)(1)(A), (b)(1)(B), and (b)(3).[1] Here, although the district court did not identify the provision under which it referred Pappas's matter to the magistrate judge, we lack jurisdiction to review the magistrate judge's order no matter the referral provision because the district court did not enter a final order.

A decision of a magistrate judge following a § 636(b)(1)(A) referral – even assuming that would be proper here[2] – is not final for purposes of a direct appeal to this Court until reviewed by a district judge. *See LoSacco*, 71 F.3d at 91; *see also, e.g.*, *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010) ("Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may not issue a final order directly appealable to the court of appeals." (alteration and internal quotation marks omitted)).

Section 636(b)(1)(B)[3] permits a magistrate judge to submit only "recommendations for the disposition" of the matter and thus expressly contemplates further action by the district judge prior

---

[1] Section 636(b)(1)(A) permits a magistrate judge to "hear and determine" nondispositive "pretrial" matters, subject to various exceptions. *See also* Fed. R. Crim. P. 59(a) (permitting a magistrate judge to issue orders on nondispositive matters in criminal cases). Section 636(b)(1)(B) authorizes magistrate judges to conduct hearings and submit to the district judge "recommendations for the disposition, by a judge of the court," of certain dispositive matters, including the matters excepted from § 636(b)(1)(A) and "applications for post[-]trial relief made by individuals convicted of criminal offenses." *See also* Fed. R. Crim. P. 59(b) (addressing the magistrate judge's authority to submit recommendations on dispositive matters in criminal cases). Finally, the catch-all provision of § 636(b)(3) permits magistrate judges to be assigned "such additional duties as are not inconsistent with the Constitution and laws of the United States."

[2] It is unlikely that such a referral could properly be made under the statute, as § 636(b)(1)(A) permits magistrate court decisions on nondispositive "pretrial" matters. Both Pappas's motion to enforce the September 2011 unsealing order and the Government's reconsideration motion were filed long after Pappas was convicted at trial and the criminal judgment was entered against him.

[3] This provision appears to be the most appropriate referral provision in this case, as Pappas was convicted of a criminal offense and his motion to enforce the September 2011 unsealing order appears to be an "application[] for post[-]trial relief." 28 U.S.C. § 636(b)(1)(B).

3

to the entry of a final order. Because no such further action was taken, we lack jurisdiction to review the order if the referral here was made under this subsection. *See LoSacco*, 71 F.3d at 91-92 ("Where a magistrate judge purports to enter an order when issuance of a report and recommendation was the appropriate action, and the district court does not conduct the required review and then issue a final order, a reviewing court must dismiss the appeal but may remand the case to the district court for further proceedings." (quoting *Massey v. City of Ferndale*, 7 F.3d 506, 510-11 (6th Cir. 1993)) (internal quotation marks omitted)).

Finally, the result is no different assuming that the district court's referral was pursuant to the catch-all provision of § 636(b)(3). Matters assigned under that provision are not subject to a final determination by the magistrate judge. *See LoSacco*, 71 F.3d at 91; *see also Rajaratnam v. Moyer*, 47 F.3d 922, 924 (7th Cir. 1999) ("[A] referral [under § 636(b)(3)] does not permit the magistrate judge to enter a final decision appealable to this court."). Accordingly, we conclude that the appeal must be dismissed. As a result, Pappas's "summary remand" motion is denied as moot.

We have considered all of Defendant-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED** and Defendant-Appellant's motion is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4