**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-1959**

_____

MOHAMMAD M. KARGARIAN,

               Plaintiff - Appellant,

     v.

PAPA JOHN'S PIZZA,

               Defendant - Appellee,

     and

ADAM SMITH, Store Manager, Papa John's Pizza; JOSHUA, Assistant Manager, Papa John's Pizza; TRAVIS, Assistant Manager, Papa John's Pizza,

               Defendants.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. David C. Keesler, Magistrate Judge. (3:18-cv-00439-FDW-DCK)

_____

Submitted: March 29, 2021                          Decided: April 1, 2021

_____

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Mohammad M. Kargarian, Appellant Pro Se. Stephen Douglas Dellinger, Elizabeth Howe Pratt, LITTLER MENDELSON, P.C., Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammad M. Kargarian seeks to appeal the magistrate judge's order denying Kargarian's postjudgment motion for a trial. The parties did not consent to the jurisdiction of the magistrate judge, so the magistrate judge was not empowered to enter a final, appealable order. *See* 28 U.S.C. § 636(b)(1), (c)(1). The denial of Kargarian's motion for a trial is not a final, appealable order; accordingly, we lack jurisdiction to consider this appeal. *See Rajaratnam v. Moyer*, 47 F.3d 922, 923-24 (7th Cir. 1995). We therefore dismiss the appeal for lack of jurisdiction.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] In its informal response brief, Defendant Papa John's Pizza contends that this appeal—Kargarian's second in this case—is frivolous and vexatious. Defendant requests that we impose sanctions under Fed. R. App. P. 38. To the extent this request is procedurally proper, *see* Fed. R. App. P. 38 (providing authorization for imposing sanctions "after a separately filed motion or notice from the court"), we deny the request.